# ALFRED B. SAFFORD

## v.

# ROBERT MILLER et al.

59   205
22a 483
59   205
e88a 673
59   205
d106a⁷416

1. DEMURRER—*carried back:* It is a general rule, that, upon demurrer, the court should, notwithstanding the defect of the pleading demurred to, give judgment against the party whose pleading was first defective in substance.

2. PLEA—*traversing conclusion of law.* A plea is bad which is a traverse of a mere conclusion of law.

3. PLEADING—*declaration on penal bond.* In actions brought on penal bonds, conditioned for the performance of covenants, the statute requires the obligee to assign breaches; and though the action be debt, yet, in respect to the assignment of breaches, it is assimilated to the action of covenant, and governed by the same rules. Each assignment of breaches is regarded as a declaration, and to be pleaded to as such.

4. SAME—*in an action upon a covenant to two, jointly—of an assignment of a breach for damages to one.* In an action by two obligees, upon a bond for the performance of covenants wherein the legal interest of the obligees is joint, a count, or assignment of breaches, for particular damages resulting to one of the plaintiffs individually, is bad in substance.

5. So, where an injunction bond recited that the principal obligor had obtained an injunction restraining A and B from the further prosecution of certain suits at law, commenced respectively by the said A and B, and conditioned "that if the obligor shall pay, or cause to be paid, to the said A and B all such damages as they may sustain by reason of the issuing of said injunction, and also such costs and damages as may be awarded against the said obligor by the court in case the said injunction herein shall be dissolved, then," etc., it was *held,* in an action on the bond by A and B, the bill having been dismissed, that a breach in the declaration, claiming damages resulting to one of the plaintiffs alone, by reason of being deprived, by means of the injunction, of the possession and the enjoyment of the rents and profits of certain premises owned by him, was bad on demurrer, because it sought to recover for a separate injury to one, upon a covenant to him and another jointly.

6. SAME—*misjoinder of counts.* And in an action upon a covenant to two jointly, where some of the assignments of breaches are for damages resulting to both plaintiffs,—one for damages sustained by one plaintiff, and another for damages sustained by the other, as to which his co-plaintiff has no interest, there is a misjoinder of counts.

7. OF ENTIRE DAMAGES, *in such case.* And if, in such case of misjoinder of counts, entire damages be given upon all the counts, the judgment will be reversed on error. Nor would the fact that the action was brought in the name of both obligees, for the use of one, change the application of the rule in that regard.

8. ASSIGNMENT. An injunction bond is not assignable at law.

APPEAL from the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.

Mr. W. J. ALLEN and Messrs. GREEN & GILBERT, for the appellant.

Messrs. MULKEY, WALL & WHEELER, for the appellees.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was an action of debt, brought in the Alexander county circuit court, by appellees against appellant, upon the joint and several bond of William Barker, W. P. Halliday and appellant, in the penal sum of $1000, taken on the 20th day of May, 1864, the condition of which is as follows:

"The condition of the above obligation is such that, whereas the above bound William Barker has prayed for and obtained a writ of injunction from the circuit court of the county of Alexander, and State of Illinois, restraining and enjoining the said John Cheek and Robert W. Miller from proceeding further in the prosecution of certain suits at law, commenced respectively by said John Cheek and Robert W. Miller, against said Barker, in the said circuit court of Alexander county, Illinois, and which said suits are now pending and undetermined in said court, until the said court shall make other order to the contrary.

"Now, if the said William Barker shall pay, or cause to be paid, to the said John Cheek and Robert W. Miller all such damages as they may sustain by reason of the issuing of said injunction, and also such costs and damages as may be awarded

against the said complainant by the said court, in case the said injunction herein granted shall be dissolved, then this obligation shall be null and void: otherwise to remain in full force and virtue in law. "

The declaration alleges the filing of the bond on the day and year aforesaid, and that afterwards such proceedings were had in the cause, in and by said circuit court, on to wit: the 8th of December, 1866, at the November term of said court, upon a final hearing of the cause in which the bond was given, that Barker's bill was dismissed by the court; from which decree Barker prayed and perfected an appeal to the Supreme Court, and on the 9th day of June, 1870, at the June term of the Supreme Court, held at Mount Vernon, the said appeal was dismissed by the court at the costs of appellees, and *procedendo* awarded. Several breaches were assigned:

*First.* That plaintiffs were put to great trouble and expense in employing solicitors in defending against said bill of complaint; that they paid to solicitors, and for costs and expenses, $500.

*Second.* That Miller was put to great trouble and expense, and paid to solicitors, and for costs and expenses, a like sum.

*Third.* That Check was put to great trouble and expense, etc., and paid to solicitors, and for costs and expenses, a like sum.

*Fourth.* That at the time of suing out the injunction, said Robert W. Miller was the owner of certain premises (describing them,) upon which was a cottage and other improvements, etc., and, as such owner, was lawfully entitled to the possession thereof, and to receive the rents, issues and profits, amounting to $100 per month; that, by reason of the injunction, he was kept out of the possession of the premises until the 10th of December, 1866, and deprived of the rents, issues and profits thereof for thirty months, amounting to $3000, which had not been paid by Barker.

The fifth and sixth breaches were, substantially, like the fourth. The seventh, that a large amount of costs had been

awarded to plaintiffs against Barker, to wit, $100, which he had not paid.

Several pleas were filed, to the second and third of which a demurrer was sustained, upon which appellant obtained leave to amend his second plea, and to file additional pleas, under which the second plea was amended and additional pleas filed, to the number of twelve. Upon the pleas to the first and second assignments of breaches issue was joined. To the others, demurrers interposed.

The court overruled the demurrer to the fifth and tenth additional pleas, and sustained it as to the second amended plea, and the fourth, sixth, seventh, eighth, ninth, eleventh and twelfth additional pleas. Appellant elected to abide by his pleas; by leave of the court, withdrew his first original and the first, second, third and fifth additional pleas, including those upon which issue had been joined; whereupon his default was taken, and the court assessed entire damages upon all the counts or assignments of breaches to $1000, and gave judgment.

The defendant brought the case to this court by appeal, and assigns for error the sustaining of the demurrer to said pleas, and the rendition of the judgment aforesaid.

The fourth additional plea was to the fourth assignment of breaches, and was as follows: "And for a further plea in this behalf as to the said fourth breach in said declaration mentioned, said defendant, by leave, etc., says *actio non,* because, he says, that at the time of the suing out of and service of said supposed writ of injunction, said Robert W. Miller was not lawfully entitled to the possession of the said premises in said fourth breach described, and to have, receive and enjoy the rents, issues and profits thereof, as alleged in said fourth breach; and of this said defendant puts himself upon the country."

The sixth additional plea, and to the same breach, after the formal part, was: "because he says that each and all the matters and things in said fourth breach alleged, in manner and

form as therein alleged, are untrue, and of this he puts himself upon the country."

The seventh additional plea was to the fifth breach, and was the same, excepting as to the number of the breach, as the 6th.

The eighth was to the sixth breach, and in the same form. The ninth was to the seventh breach, and in the same form.

To each of these pleas the court sustained a demurrer.

It is a general rule, that, upon demurrer, the court should, notwithstanding the defect of the pleading demurred to, give judgment against the party whose pleading was first defective in substance. The fourth plea, to which the special demurrer was sustained, was bad, because it was a traverse taken upon a mere conclusion of law, viz: that Miller was lawfully entitled to the possession, rents, issues, profits, etc.

But the fourth assignment of breaches, to which this plea was interposed, is bad in substance. The bond sued on is for the performance of covenants. By the statute, the obligees were required to assign breaches. *Patrick et al.* v. *Rucker*, 19 Ills. 429; *Hibbard* v. *McKindley*, 28 Ill. 240. In such a case, though the action be debt, yet, in respect to the assignment of breaches, it is assimilated to the action of covenant, and governed by the same rules.

Each assignment of breaches is regarded as a declaration, and to be pleaded to as such. *Burroughs* v. *Clancey*, 53 Ill. 30.

The covenant in the bond, so far as relates to the obligees, is joint. It is in these words: "That if the said William Barker shall pay, or cause to be paid, to the said John Cheek and Robert W. Miller all such damages as they may sustain by reason of the issuing of the said injunction, and also such costs and damages as may be awarded against the said Barker by the court, in case the said injunction herein shall be dissolved," then, etc.

These covenants are expressly and positively joint. "When the contract was made with several persons, whether it were under seal, or in writing but not under seal, or by parol, if

14—59TH ILL.

their *legal interest* were *joint,* they must all, if living, join in the action, in form *ex contractu,* for the breach of it, though the covenant or contract with them was, in terms, joint and several." 1 Chit. Pl. 8 ; *Eccleston* v. *Clipsham,* 1 Saund. 153, n. 1 ; *Hatsell* v. *Griffith,* 4 Tyr. 487 ; *Bradburne* v. *Botfield,* 14 Mees. & Welbs. 559.

Here the legal interest is unquestionably joint ; but the fourth, fifth and sixth breaches assigned set out an injury and cause of action accruing to Miller alone, in respect to which his co-obligee has no legal interest, and neither of which is within the words, import or effect of the condition. "When the *legal interest* and cause of action of the covenantees are *several,* each may and *should* sue separately for the particular damages resulting to him individually, although the covenant be, in its terms, joint. And it is improper, as well in *equity* as at *law,* for a party to be joined in a suit who has neither legal nor beneficial interest in the subject matter. Thus, if A, by indenture, demise Blackacre to B and Whiteacre to C, and covenant with them and each of them (or it seems if he covenant with them in express terms jointly) that he is the owner of the closes, each should sue separately in respect of his distinct interest, and they can not jointly sue, for they have no joint or entire interest in same subject matter." 1 Chit. Pl. 10.

It follows, from the principle of these rules of the common law, that, in an action by two obligees upon a bond for the performance of covenants, wherein the legal interest of the obligees is joint, a count, or assignment of breaches, for particular damages resulting to one of the plaintiffs individually, is bad in substance ; and where some of the assignments of breaches are for damages resulting to both plaintiffs, one for damages sustained by one plaintiff, and another for damages sustained by the other, as to which his co-plaintiff has no interest, there is a misjoinder of counts, and if entire damages be given upon all the counts, the judgment will be reversed upon error. 1 Chit. Pl. 205, 411.

The assignment of breach, to which the fourth plea was pleaded, being for damages resulting to one plaintiff individually, was, therefore, bad in substance, and it was error to sustain the demurrer to that plea. The sixth, seventh and eighth additional pleas, to which demurrer was sustained, were pleaded respectively to assignments of breaches, for particular damages resulting to Miller alone, and which were also bad in substance. The demurrer was improperly sustained to those pleas, for the same reason.

The true state of the case is simply this: The first assignment of breaches is for damages resulting to both obligees, the second for damages to Miller alone, the third to Cheek alone, the fourth, fifth and sixth to Miller alone, the seventh to both obligees. Hence, the assessment of damages, in order to correspond, must be in three distinct forms: First, to both plaintiffs; second, to Cheek alone; third, to Miller alone. Not only separate assessments, which may be allowable in some cases, but separate assessments in different rights in the same cause, and that an action *ex contractu*. But here, without a *nolle prosequi* as to the counts for individual damages, the court assessed entire damages upon all the counts, and gave judgment. This was manifestly erroneous. It may have been supposed that, because the action was brought in the name of both obligees, for the use of Miller, it would not fall within the general rule; but such is not the law. The bond was not assignable at law, and courts of law, so far as the rules as to the parties and procedure are concerned, take no notice of mere equitable interests.

We shall not consider the sufficiency of the other pleas, because they must be regarded as sufficient for a declaration bad in substance.

The judgment of the court below is reversed, the cause remanded, and a repleader awarded.

*Judgment reversed.*