ASA PACKER, Survivor, etc., Respondent, *v.* GEORGE P. NEVIN et al., Appellants.

This action was brought by plaintiffs, as judgment creditors of D., to have a prior judgment, in favor of defendants against D., adjudged paid and satisfied, and to restrain them from receiving the avails of an execution sale of the debtor's property. A preliminary injunction was obtained upon the ordinary undertaking, and, upon stipulation of the parties, it

was ordered that the question of defendants' damages, if any, sustained by reason of the injunction, be heard and determined, jointly with the issues, by the referee. No evidence of damages was given on the trial; no findings of fact were made by the referee in regard thereto, nor were any requests made to find. Upon appeal from a judgment in favor of defendants, but allowing no damages, *held,* that the question of damages was not presented by the appeal; but that if presented, in the absence of proof of damages, the referee was right in not allowing any thing therefor; that it was not imperative upon the referee to make an allowance for counsel fees, without proof of a payment, or that a liability had been incurred therefor.

Also *held,* that the provisions of the Revised Statutes (2 R. S., 189, § 141, *et seq.*), requiring a deposit to be made of the amount of a judgment in case of an injunction staying proceedings thereon, did not make the amount of the deposit required the standard for measuring damages in this action, as said provisions applied only to the parties to the action wherein the proceedings were restrained, or their privies; and that even if said provisions were applicable, the deposit was dispensed with by an acceptance of the undertaking, and defendants were left to prove what their damages actually were.

(Argued December 11, 1876; decided December 19, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department affirming a judgment in favor of defendants, entered on report of referee, so far as appealed from by defendants, and dismissing an appeal by plaintiffs on stipulation.

This action was brought originally by the members of the firm of Noble, Hammett & Co., who had obtained a judgment against one Delamater, to have a prior judgment, in favor of defendants against Delamater, decreed paid and satisfied, and to restrain them from receiving the avails of a sale, on execution, of the property of the judgment debtor. All of the members of the firm, except plaintiff Packer, died while it was pending, and it was continued by him as surviving partner. A preliminary injunction was granted upon the usual undertaking. The issues of the action were referred, and, upon stipulation, an order was entered that the referee should take the testimony upon the question of the damages sustained by the defendants by reason of the injunction, and

should determine the amount thereof, if any; that his findings should cover that question, and that judgment should be entered thereon in accordance with his findings. It does not appear that any proof upon the subject of the damages was introduced before the referee. No findings of fact were made by him upon the subject, and there were no requests to find thereon. As a conclusion of law, the referee found that defendants were not entitled to damages.

Upon the merits of the action, the referee found that defendants' judgment had not been paid or satisfied, and directed a dismissal of the complaint. Judgment was perfected accordingly. Both parties appealed; defendants from that part refusing damages; plaintiff from that part dismissing complaint, but stipulating to waive appeal if judgment should be sustained as to damages.

*Jerome Buck* for the appellants. The standard measure of damages peculiar to injunctions to stay proceedings at law, fixed by 2 Revised Statutes, page 189, section 141, *et sequente*, was not repealed or altered by the Code. (*Cook* v. *Dickinson*, 2 Sandf., 690 ; *Watt* v. *Rogers*, 2 Abb. Pr., 261; *Jenkins* v. *Wild*, 2 Paige, 394 ; 1 Barb. Ch., 167; 6 Paige, 110; 2 Edw. Ch., 572 ; Story's Eq., § 888 ; *Christie* v. *Bogardus*, 1 Barb. Ch., 167.) It would have been proper for the referee to have allowed a counsel fee. (11 Paige, 224; 4 Edw., 392; 1 Duer, 664; 1 Barb. Ch., 613 ; *Willet* v. *Scovil*, 4 Abb. Pr., 405.)

*Samuel B. Higenbotam* for the respondent. Defendants were not entitled to damages on account of the injunction. (Sedg. on Dam., 486; 8, *n ;* 2 R. S., 378, § 5 ; *Dwight* v. *North Ind. R. R. Co.*, 54 Barb., 271; *Hovey* v. *Rubber Co.*, 50 N. Y., 335; *Allen* v. *Brown*, 5 Lans., 511; *Strong* v. *De Forest*, 15 Abb., 427; Sedgw. M. D., 490, *n.* 105, 106, *n.* 1, 573 ; *Milton* v. *Hudson*, 37 N. Y., 210; *Hamilton* v. *McPherson*, 28 id., 72 ; *Thompson* v. *Kreider*, 8 How., 248; *Champion* v. *Webster*, 15 Abb., 4; *Loker* v. *Damon*, 17 Pick., 284 ; *McBride* v. *Farmers' Bk.*, 28 Barb., 476, 479.) Defend-

ants having slept upon their rights for sixteen years, the maxim *vigilantibus non dormientibus jura subveniunt* should be applied. ( *Van Ranst* v. *N. Y. Vet. Surg.*, 4 Hun, 620 ; *Raynor* v. *Pearsall*, 3 J. Ch., 585 ; *Movers* v. *White*, 6 id., 360, 369 ; *Bruen* v. *Hone*, 2 Barb., 587, 596 ; *Munn* v. *Worall*, 16 id., 221, 232 ; *Hazul* v. *Dunham*, 1 Hall, 655, 658 ; *Toole* v. *Cook*, 16 How., 142, 144.)

MILLER, J. The appeal of the defendants in this case was from the judgment, upon the ground that it was erroneous in not adjudging damages against the plaintiff, and for the reasons stated in the exceptions served. No findings of fact were made by the referee in regard to the subject of damages ; nor were any requests made to find, which would present the question fairly, whether any damages were proved, or whether the referee erred in not awarding damages. Nor was any appeal taken from the order overruling the exceptions to the referee's report. As the case stands the question was not properly presented upon the defendant's appeal, and is not now before us.

If, however, the record presented the questions raised by the appellant's counsel, the right of the defendants to damages by reason of the injunction issued in this action, was not shown before the referee, and the claim was not sustained by evidence. It does not appear that any proof upon the subject of the alleged damages was introduced before the referee who was authorized to determine whether any damages had been sustained, and if any, the amount of the same, and there is no basis upon which the referee could have made an estimate of any actual damages incurred. As the case stood, a report in the defendants' favor would have been without any evidence to support it.

It is claimed that at any rate a counsel fee should have been allowed. There was no proof of payment of a counsel fee, or that any charge had been incurred on that account, and as the referee, in the exercise of his discretion, determined otherwise, we think there is no legal ground for interfering with his decision in this respect. In most of the

cases cited by the appellants' counsel, where a counsel fee was held to be a proper item of damages, it appeared that it had actually been paid. Within the scope of these decisions it clearly was not imperative upon the referee to make such an allowance, without some proof upon which to found his conclusion.

Nor is there any ground for claiming that the provisions of 2 Revised Statutes ([Edm's ed.], 196, §§ 141, 142 and 143) furnish us a standard for measuring damages, the deposit to be made of the amount of the judgment in pursuance of section 141, and that this is to be substituted instead of proof what the damages were. The injunction was granted upon the ordinary undertaking required by the Code, and evidently was in the proper form for such an order where the plaintiffs were entire strangers to the judgment of the defendants, the collection of which was enjoined. The statutes cited have no application to such a case; but only related to parties to the same action, and their privies. It is alone in this class of cases that a deposit is required, which may be applied in satisfaction of the judgment, when the court determines that it is valid and binding. But even if these provisions were at all applicable, the deposit was dispensed with by an acceptance of the undertaking, and the defendants should be left to pursue their remedy by proving what the damages sustained actually were. If they received the amount realized on the sheriff's sale of the property, or it was within their control, then they would probably have lost nothing, and as there was no proof to show how this was, or that any damages were incurred, it cannot be claimed that they sustained any loss.

The judgment must be affirmed.

All concur.

Judgment affirmed.