## Isaac Fisher et al.

### v.

## John H. Tribby.

1. Dissolution of injunction—Damages—Rule.—Upon the dissolution of an injunction, an assessment of $100 damages as solicitors' fees, is not warranted by the evidence of one of the solicitors that their services were "reasonably" worth that sum; there being no evidence to show that the defendant had paid them that sum as fees, or become liable for the same, or that they were retained upon a *quantum meruit*.

2. Chancery jurisdiction — Restraining judgment at law.— Where a judgment had been obtained against complainants, without notice or their appearance in the cause, and the term at which it was rendered had passed before they had knowledge of the existence of such judgment, their remedy at law is gone, and they may resort to chancery to obtain relief therefrom, at least to the extent of obtaining a new trial upon the merits.

3. Practice—Prayer for relief.—The bill, as originally filed, prayed for an injunction restraining the collection of the judgment, and the usual prayer for "other or further relief." Under the latter the complainants were entitled to an order directing a new trial, upon the merits of the suit at law, and it was unnecessary to amend their bill praying specifically therefor.

4. PRACTICE—STRIKING DEMURRER FROM FILES.—Granting to complainant leave to amend his bill, cannot deprive a defendant, who is not in default, of a right to demur to the bill as amended, and it is error to strike such demurrer from the files.

5. STRIKING CAUSE FROM DOCKET.—Where a bill of complaint shows a right to relief, is unassailed by demurrer, answer or plea, and the complainant is not in default, it is error to strike the cause from the docket on the determination of a motion to dissolve the injunction therein.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding. Opinion filed December 19, 1879.

Mr. S. S. PAGE and Mr. S. V. JONES, for appellants; that complainants were entitled to an injunction, and the court erred in dissolving it, cited Weaver v. Poyer, 79 Ill. 417; Beauchamp v. Kankakee County, 45 Ill. 274.

No damages should have been allowed on dissolution of injunction: Brownfield v. Brownfield, 58 Ill. 152; Russell v. Rogers, 56 Ill. 176.

The damages allowed were excessive: Rev. Stat. 1877, 556; Roberts v. Fahs, 36 Ill. 268; Jevne v. Osgood, 57 Ill. 340; Collins v. Sinclair, 51 Ill. 328.

Messrs. HOPKINS & MORRON and Mr. GEO. A. WILSON, for appellee.

PLEASANTS, J. This is an appeal from a decree for damages assessed upon dissolution of an injunction.

The bill sets forth that appellee, Tribby, some years ago, recovered a judgment in the Circuit Court of Woodford county, against appellants, complainants, and others, which was reversed and remanded by an order of the Supreme Court dated January 22, 1872; that plaintiff in said suit delayed filing said order in the Circuit Court until May 11, 1874, and then filed the same and docketed the cause without notice; that defendants entered their motion to strike said cause from the docket, but the presiding judge, having been of counsel, changed the venue to Peoria, where said motion, after full argument and consideration, was allowed and the cause ordered stricken off; that the

clerk in entering said order upon the record, by error and through mistake added the words "with leave to reinstate," no such leave having been in fact given; that the defendants were informed by their counsel and believed that said cause was "ended forever," but that the plaintiff afterwards, without notice to defendants or their attorneys, caused the same to be again placed upon the docket, empanelled a jury to try it, and on Oct. 9, 1877, obtained a verdict against the defendants for $706.28, on which judgment was entered; of which proceedings neither the defendants nor their attorneys, all residing in another county, had any notice until the following term of said court and when execution issued upon said judgment on the 7th day of Dec., 1877, was in the hands of the sheriff of Woodford county, who is threatening to levy the same; that they thereupon, on Jan. 30, 1878, entered their motion to amend the record, vacate said judgment and recall said execution, which motion was overruled because the term at which said judgment was rendered had expired; that for the reason before stated they did not and could not have any bill of exceptions filed in said cause, nor make any motion in arrest of judgment or otherwise therein, and so their remedy at law was lost. The prayer was for an injunction to restrain appellee Bullock (the sheriff of Woodford county) from levying said execution, or, if he had levied, from taking any further steps thereunder, and appellee Tribby (plaintiff in the execution) from enforcing or attempting to enforce or collect said judgment, "and that upon the final hearing hereof the court will enter a decree finding said judgment and the proceedings thereon null and void; and will make said injunction a perpetual one, forever enjoining the collection of said judgment, and will grant such other and further relief as to equity and justice shall be meet, etc."

The bill duly sworn to was presented to the judge on the 4th day of March, 1878, at 4 o'clock, P. M., pursuant to notice given on the same day, and an order then made postponing the hearing until the 7th, and restraining the defendants in the meantime from proceeding under the execution or judgment.

On the 7th the application was heard and a writ of injunction allowed, which was issued and served upon Tribby on the 13th.

On the 16th the defendants entered their motion to dissolve said injunction for want of equity, &c.; but nothing appears to have been done to bring it on for hearing until the 5th of September, when said cause coming on upon the motion of complainants for leave to amend their bill so as to pray for a new trial it was ordered, adjudged and decreed that said motion be allowed, and that the " complainants in this cause, the same be- ing the defendants in the original cause of Tribby v. Harbers et al., shall file their amended bill in this cause, praying for a new trial upon the merits, as of this day. And that said cause of Tribby v. Harbers shall be placed upon. the com mon law docket of this court for trial upon its merits at the next October term thereof, " which amendment, striking out the prayer for injunction and inserting one in lieu thereof for a new trial of said original cause upon its merits and that the same be placed on the docket for such trial at the next October term of said court, was then made and filed. And on the same day, upon the motion of defendants, it was also ordered " that the said injunction be and the same is hereby dissolved with costs."

Four days thereafter, on the 9th, defendants filed their suggestion of damages, which on the 13th of November were assessed by the court, without a jury and in the absence of complainants' solicitors, at $100, as "reasonable" solicitors' fees; upon which a decree was entered that complainant pay the same within twenty days and that in default thereof execution issue.

On the 15th defendants filed a general demurrer to the bill as amended, and on the 30th complainants entered a motion to set aside the decree of the 13th on the assessment, which was taken under advisement.

The record goes on to state that on the 23d of December the cause coming on to be heard upon the motion of complainants to strike from the files the demurrer to the " supplemental" bill praying for a new trial of the original cause, the court finds that in vacation after the May term, to wit, on 5th of September, an order or decree was entered of record dissolving the injunction granted on the " original" bill, and further finds that thereupon, at the time aforesaid, the court granted leave

to complainants to file a "supplemental" bill praying for a new trial, strictly upon the merits of said law case, and complainants having filed the same as per leave so had and obtained, it is considered and adjudged by the court that the demurrer of defendants to said supplemental bill was improperly filed, and it is therefore stricken off, and said cause coming on for further hearing upon complainants' motion to set aside the decree on the assessment of damages, the court doth overrule the same; and then it is further ordered that this cause be stricken from the docket, and that complainants pay the cost of this proceeding.

On the 23d of January, 1879, an appeal was prayed and allowed from the decree upon the assessment of damages and duly perfected.

We have seen no shorter way to a clear statement of the question presented than this abstract of the record, lengthy as it is—which exhibits a course of procedure somewhat difficult to understand—but which we think sufficient to demonstrate the injustice of the damages complained of.

The bill as originally framed showed on its face a right on the part of appellants to an injunction against or a stay of proceedings under the judgment. The practice of re-docketing a case more than two years after the order remanding it, and bringing it on for trial without notice to the adverse party, cannot be sanctioned. Practice Act. §§ 84, 85 R. S. of 1874. The remedy at law being gone, without fault of the defendants, they were entitled to resort by bill to chancery and there to obtain relief, at least to the extent of being heard, on a new trial upon the merits, with a stay of proceedings in the meantime. The preliminary injunction, therefore, was properly allowed, and ought not to have been dissolved upon demurrer to the bill or motion grounded on the alleged want of equity in it, until and unless a new trial upon the merits was granted. We see no necessity for an amendment of the prayer, as the " other or further relief " prayed for, entitled complainants to any that was justified by the stating part of the bill.

Whether the order of Sept. 5, 1878, did or did not grant a new trial is disputed between counsel.

The construction of that order, in the light of the circum-

stances, made it ambiguous. The terms of it, by themselves alone considered, would seem to grant it. But the bill had not been answered, nor had default been taken for want of an answer; and to grant the relief to which the bill may show the complainant entitled, without answer or default taken for want of it, would be anomalous. And yet again, if it was not intended thereby to grant a new trial, why did or should the court then dissolve the injunction which had been allowed after deliberation upon full argument ? But whether it did or not, we deem immaterial, because, as the case then stood, the complainant was equitably entitled to it. If it was thereby granted, then clearly the award of damages on the dissolution of the injunction,—which was dissolved, not because it was wrongfully issued, but because its function was performed by another order,—was unwarranted and if it was not, then the dissolution was itself erroneous and could not justify the award of damages thereupon.

Nor do we discover any reason for striking from the files the demurrer to the amended bill. The granting to a complainant of leave to amend his bill cannot deprive a defendant who is not in default of the right to demur to it as amended.

So also the order striking the cause from the docket and awarding costs against the complainant, for aught that appears in the record, seems indefensible, and indeed inexplicable, except upon the equally inexplicable supposition that the court regarded the order of Sept. 5th as absolutely granting a new trial and thus disposing of the case in chancery. The bill showed a right to relief, was unassailed by demurrer, answer or plea, and the complainant was not in default. Why then strike the cause from the docket? But it is unnecessary further to particularize the errors anterior to the assessment. We think it was not a case for the allowance of damages on the dissolution of the injunction, because the injunction was not wrongfully sued out. If it were, the testimony on which they were assessed did not justify it. The only evidence offered was that of one of the defendant's solicitors, who referred to the files in the two cases and expressed the opinion that their services were " reasonably worth the sum of $100, and that said amount

should be allowed to said Tribby as damages on that account," but he did not state that Tribby had agreed to pay them that amount, nor that they were retained upon a *quantum meruit*. The services may have been reasonably worth it, and yet he may not have paid it or been bound to pay it. Steele v. Thatcher, 56 Ill. 258.

The decree of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*