### [No. 1827.].
### BREEZE v. HALEY ET AL.

INJUNCTION—SUIT UPON BOND—PARTIES.

Where an injunction against a county treasurer to restrain the collection of taxes was dissolved, a right of action upon the injunction bond was a personal right of the treasurer, and he might maintain a personal action upon the bond after his term of office had expired. He was the proper party to maintain such action, and the fact that the county may have paid the expenses of resisting the injunction and would be entitled to receive the amount of damages recovered when collected, was immaterial to the obligors in the bond.

*Appeal from the District Court of Arapahoe County.*

Mr. W. B. McCLELLAND and Mr. HENRY T. SALE, for appellant.

Mr. W. T. HUGHES, for appellees.

THOMSON, J.

The first amended complaint was entitled "Lewis H. Breeze, plaintiff, vs. Ora Haley, Norman H. Meldrum, Charles D. McPhee, and William A. Hamill, defendants." It alleged that on the 9th day of December, 1886, the plaintiff was the treasurer of Routt county, and that on that day in an action brought by the defendant, Ora Haley, against the plaintiff, to restrain the latter, as treasurer, from collecting certain taxes then due from Haley to Routt county, these defendants, for the purpose of procuring the issuance of a writ of injunction in the cause, executed the following undertaking, which was duly approved, and upon the execution and approval of which the writ issued:

"ORA HALEY, Plaintiff,
        vs.
"L. H. BREEZE, Defendant.
          "UNDERTAKING ON INJUNCTION.

"Whereas, the above named plaintiff has commenced an action in the district court of the first judicial district of the state of Colorado, in and for the said county of Clear Creek, against the above named defendant, and is about to apply for an injunction in said action against the said defendant enjoining and restraining him from the commission of certain acts as in the complaint filed in said action is more particularly set forth and described.

"Now, therefore, we the undersigned residents of the county of Clear Creek, state of Colorado, and territory of Wyoming, in consideration of the premises and of the issuing of said injunction, do jointly and severally undertake, in the sum of ten thousand dollars, and promise to the effect that in case said injunction shall issue, the said plaintiff will pay to the defendant all costs and damages as shall be awarded

against the complainant in case the said injunction shall be modified or dissolved in whole or in part.

"Dated this 7th day of December, A. D. 1886.

"Approved and filed this 9th day of December, A. D. 1886.

"ORA HALEY.

"NORMAN H. MELDRUM.

"CHARLES D. MCPHEE.

"WILLIAM A. HAMILL.

"H. H. ATKINS."

The complaint further averred that when the writ was issued and served, the plaintiff was engaged in the collection of the taxes due from Haley, by distraint and sale of his property; that, by the injunction, the collection of the taxes was delayed and prevented; that a motion in the district court by the plaintiff to dissolve the injunction was denied; and that the plaintiff appealed from the judgment denying the motion, to the supreme court, where the injunction was wholly dissolved, and the judgment of the district court reversed and vacated. The complaint then set forth the items of cost and damage alleged to have resulted from the injunction, consisting of attorney's fees, and expenses of various kinds, incurred and paid by the plaintiff; and prayed judgment for the amount.

The defendants moved to strike this complaint from the files. The motion is not in the record, and we do not know its grounds; but such proceedings were had upon it, that the plaintiff filed a second amended complaint. This last complaint was entitled, "Lewis H. Breeze, as treasurer of Routt county, plaintiff, vs. Ora Haley, Norman H. Meldrum, Charles D. McPhee and William D. Hamill, defendants." Its allegations were substantially the same as those in the first amended complaint, except that it alleged that the undertaking was executed to the plaintiff, as treasurer, and that it was intended by all parties that the penalty should inure to him in his official capacity. There was an answer to this complaint. It was then admitted, in behalf of the plaintiff, that he had ceased to be the treasurer of Routt county at the time this

suit was brought; and it was agreed that the admission should appear upon the record, and have the same affect as if it appeared in the pleadings. Thereupon it was moved by counsel for the defendants that the cause be dismissed for the reason that the plaintiff was not the treasurer when the action was commenced, and had no authority to bring it. This motion was sustained. The plaintiff then asked leave to withdraw his second amended complaint, and moved that the first be reinstated. His request and motion were denied, and a judgment of dismissal ordered. The plaintiff appealed.

The only question before us for consideration is whether the action was properly brought in the name of the plaintiff. the printed abstract of the record is meager and incomplete, but we think it sufficient to bring up that question. The theory of the court seems to have been that because it was the collection of taxes that was enjoined, the damages caused by the injunction, if there were any, were sustained by the county; and that, therefore, as Breeze had ceased to be the representative of the county when the suit was brought, the use of his name as plaintiff was improper. It is true that the collection of taxes was a duty which pertained to his office of treasurer of the county, but it was a duty for the performance of which he was personally responsible. The taxes belonged to the county after they were collected, but it looked to him for their collection; and by a failure in the discharge of his duty he would incur a personal liability to the county. His authority was derived from his office, but his acts were his own; and it was those acts which the injunction restrained. The writ operated on him in his individual capacity; and if he had disobeyed its command, it was himself, and not the county, that would have been subject to punishment for the disobedience. He was not sued in a representative capacity, he was not enjoined in a representative capacity, and the undertaking was not executed to him in a representative capacity. The suit was brought, and the writ issued against him personally; and the undertaking was conditioned for the payment to him personally of the costs and damages.

The assumption that the damages, if any, were sustained by the county, is not warranted by anything in the record. The expense incurred in defending against the injunction may have come out of Breeze's own pocket, and may never have been refunded to him by the county. In such case, the county would not be entitled to the proceeds of the judgment on the undertaking. If, however, it had paid all the costs and liabilities made necessary by the injunction, either as they accrued, and to the persons to whom they accrued, or by reimbursing Breeze, then it would be entitled to receive from Breeze the amount collected by him on the undertaking. But it is altogether immaterial whether the damages would ultimately go to the county or to Breeze. The defendants undertook and promised to pay all costs and damages which might be awarded against the complainant to Breeze himself. The money might finally belong to the county; but, by the terms of the undertaking, it was payable in the first instance to Breeze. Upon its payment to him, a question might arise as to its ownership, between him and the county; but payment by the defendants to Breeze would discharge their undertaking and terminate their liability; and what rights as against Breeze and in favor of the county might grow out of the payment is a question in which the defendants have no interest whatever, and which it is not competent to them to raise.

In the second amended complaint the plaintiff purports to sue as treasurer of Routt county, and avers that it was intended by the parties that the "penalty" should inure to him in his official capacity; otherwise the allegations are substantially the same as in the first amended complaint. The undertaking speaks for itself, and the law fixes the relations between the plaintiff and the defendant in the injunction suit. The plaintiff was entitled to the "penalty" in his own right, even although he might owe the same amount to the county after it should come into his hands. The county was not interested in the "penalty" as such, and the amount was not payable to it by the defendants. It might have the right to demand that the plaintiff should

turn over the money to it if he received it, and it might have a right of action against him for the amount which it had advanced, if through his negligence it had been lost; but there was no privity between it and the defendants, and the undertaking was not given to the plaintiff for its benefit. But even on the hypothesis that the contract was made with him for the benefit of the county, and that he was therefore the trustee of an express trust, the action was still maintainable in his name, and its dismissal was error. Civil Code, sec. 5; *Considerant v. Brisbane,* 22 N. Y. 389. The words descriptive of the plaintiff in the second amended complaint were unnecessary; the allegation concerning the "penalty" was inaccurate; and while these, perhaps, had no effect on the cause of action set forth, the pleading would have been better without them. No conceivable injury can result to the defendants by permitting the plaintiff to abandon his second amended complaint, and fall back on his first.

The judgment is reversed, with instructions to the district court to permit the withdrawal of the second amended complaint, and the reinstatement of the first; to give the defendants leave to answer; and to try the cause upon its facts.

*Reversed.*