## FELKNER *et al.* v. WINNINGHAM *et al.*

No. 5488.   Opinion Filed December 7, 1915.

Rehearing Denied February 29, 1916.

(155 Pac. 248.)

1. **INJUNCTION—Action on Injunction Bond—Demurrer to Evidence.**   In an action on a bond for injunction, the petition alleged that plaintiffs had been damaged by such injunction, and that such damage was occasioned because plaintiffs had to expend sums of money for expenses and attorneys' fees in procuring the dissolution of such injunction, and prayed judgment for the sums so expended.  At the trial the evidence showed that the expenses and attorneys' fees incurred in dissolving the injunction had been paid by the school district of which the plaintiffs were officers, and did not show that plaintiffs had paid any money or incurred any liability to pay money because of such injunction.  **Held,** error to overrule a demurrer by defendants to the evidence.

2. **SAME—Liability on Bond.**   In order to recover upon a bond for injunction for expenses and attorneys' fees in procuring its dissolution, it is not necessary that such expenses or attorneys' fees should have been paid, before action on the bond is commenced, but if they have not been paid, those claiming on the bond must have incurred a fixed and existing liability to pay therefor.

3. **SAME—Variance.**   Where, in an action on a bond for an injunction, the petition alleges damage because plaintiffs had to expend money to procure a dissolution of the injunction, and the evidence shows that the money was expended by a stranger to the action, there is a fatal variance between the plaintiffs' pleadings and the proof.

(Syllabus by Rummons, C.)

*Error from District Court, Washita County;*
*J. A. Duff, Special Judge.*

Action by W. F. Winningham and others against J. H. Felkner and others.  Judgment for plaintiffs, and defendants bring error.  Reversed and remanded.

*A. M. Beets* and *T. A. Edwards,* for plaintiffs in error.

*R. Brett,* for defendants in error.

Opinion by RUMMONS, C.   The only assignment of error in the brief of counsel for plaintiffs in error necessary to be considered in determining this case is the overruling by the trial court of the demurrer of plaintiffs in error to the evidence of defendants in error. This action was commenced by defendants in error upon an injunction bond, given by plaintiffs in error in an action for an injunction in the district court of Washita county, brought by J. H. Felkner against the defendants in error as individuals to restrain them from acting as the school board of a consolidated district.   The petition alleges that the defendants in error were damaged, by reason of the procuring of a temporary injunction in the action brought by Felkner, in the following amounts:

"For expenses in having said injunction dissolved and defending against the appeal of said cause in the Supreme Court, that plaintiffs had to expend the sum of $150 attorney's fees, and $30 expense money for attorney, and $15 for printing brief for Supreme Court, in the sum total of $195, for which they pray judgment."   *   *   *

At the trial the evidence disclosed that the moneys which it is alleged defendants in error expended were paid by the school district of which the defendants in error were officers.   It does not appear from the evidence that the defendants in error paid any sums of money in procuring the dissolution of the temporary injunction, or that they became liable to pay any sums of money for attorney's fees or expenses in procuring such dissolution.

Both plaintiffs in error and defendants in error devote the greater portions of their briefs to arguing the question of whether or not this action was brought in the names of the real parties in interest.   We think it is

clear that the defendants in error were the real parties
in interest in the action, as the bond sued upon ran to
them individually, and they were restrained in the action
in which the bond was given, as individuals, from per-
forming any official acts for the school district. The ac-
tion was therefore rightly brought in their names, but as
to their right to recover any amount upon the bond under
the state of the proof there is some difficulty. The only
case cited by defendants in error upon this proposition
is the case of *Breeze v. Haley*, 13 Colo. App. 438, 59 Pac.
333. The language used in the opinion in that case seems
to support the right of the defendants in error to recover
upon an injunction bond under a state of proof similar
to the facts in this case. But this question was not
squarely before the court in that case. The court says:

"The only question before us for consideration is
whether the action was properly brought in the name of
the plaintiff.'

It was determined that the action was brought
in the name of the real party in interest, and it was not
necessary to determine the other question discussed by
the court, as the cause had not been tried on its merits,
but had been dismissed as not brought by the real party
in interest. So that the holding of that court that the
plaintiff in the case cited might recover upon the injunc-
tion bond, even though the expenses for which he sued
had been paid by the county, must be considered merely
*dictum*, and it is, as we think, contrary to the weight of
authority. The other cases cited in the briefs of defend-
ants in error do not touch upon this question.

It is well settled that in an action upon an injunction
bond the obligee may recover for attorney's fees and ex-
penses in procuring the dissolution of an injunction, even

though such attorney's fees and expenses have not been paid by the obligee at the time of bringing the action upon the bond. But it is equally well settled that if the obligee has not paid such attorney's fees and expenses, he must at least have incurred a liability therefor. *Little-ton v. Burgess*, 16 Wyo. 58, 91 Pac. 832, 16 L. R. A. (N. S.) 49, and note at page 76; *Underhill v. Spencer*, 25 Kan. 72; *Holthaus v. Hart*, 9 Mo. App. 1; *Martin v. Jamison*, 39 Ill. App. 248, at page 257; *Packer v. Nevin*, 67 N. Y. 550-553; *Rees v. Peltzer*, 1 Ill. App. 315-325; *Fisher v. Tribby*, 5 Ill. App. 335-340; *Rosenthal v. Boas*, 27 Ill. App. 430-432; *Schening v. Cofer*, 97 Ala. 726, 12 South. 414. In the case last cited the court says:

"There was really no evidence offered in support of this averment as to expenses paid or incurred for the services of counsel in the premises. The evidence which was intended or supposed to sustain the complaint in this regard was no more than this: That counsel did appear for Mrs. Cofer and represented her in securing a dissolution of the injunction, and that his services in that matter were worth about $70, but that she had never paid him anything for his services; that she was his wife, and he made no charge against her for such services, and did not intend to charge her for said services. It is most manifest on this evidence that plaintiff sustained no damage whatever by reason of the employment of an attorney to dissolve the injunction, and that any recovery in that behalf would either be net gain and profit to her, or would inure to the benefit of the attorney, who, having rendered his services gratuitously, has no claim thereto, and who advances, and, not being a party to this action, could advance no claim thereto even if he had any such claim. The court erred, therefore, in giving the charge requested by plaintiff which authorized a verdict for attorney's fees."

It will be seen from a consideration of the foregoing authorities that in order for the defendants in error to recover upon the injunction bond sued on for the expenses claimed in their petition, they must establish by the evidence that they either paid or incurred a fixed and existing liability for such expenses. This the evidence in this case does not disclose. It appears from the evidence of defendants in error, and is admitted in their brief, that the expenses and attorney's fees sued for were paid by the school district. It also appears that the school district at the same time, and by two of the same warrants, paid the attorney who represented defendants in error in the injunction suit for fees and expenses in a mandamus suit, the nature of which does not appear from the record. So that from the evidence of defendants in error it is clear that they did not pay or incur any liability for attorney's fees or expenses in connection with the injunction suit; therefore the evidence was insufficient to support a verdict in favor of defendants in error against plaintiffs in error.

It also appears that there was a variance between the petition of defendants in error and the proof, which variance was challenged by the demurrer to the evidence of defendants in error. It has been repeatedly held by this court that the plaintiff must recover upon the cause of action set out in his petition, and that the proof offered must not vary materially from the allegations contained in the petition. In this case the petition alleges that defendants in error had to expend the sums of money sought to be recovered to have the injunction dissolved, and to defeat the action of plaintiff in error Felkner; while the proof was that the school district had to, or did, spend such sums of money, and there is no evidence that de-

fendants in error incurred any liability whatever. We, therefore, conclude that this variance was fatal to the recovery of defendants in error in this action. *Chambers v. Van Wagner,* 32 Okla. 774, 123 Pac. 1117; *International Bank v. Bowser,* 33 Okla. 316, 125 Pac. 458.

We are therefore of the opinion that the demurrer of the plaintiffs in error to the evidence should have been sustained, and that this cause should be reversed and remanded for a new trial.

By the Court: It is so ordered.