SARAH ROSENTHAL

v.

M. C. BOAS ET AL.

*Injunctions—Dissolution—Damages—Rent—Solicitor's Fees.*

1. Upon the dissolution of an injunction restraining the prosecution of certain suits before a justice to recover rent, it is improper to assess as damages the amount of rent involved in such suits, unless it appears from the evidence that such rent became lost by reason of the injunction.

2. Upon the dissolution of an injunction the opinion of an attorney as to the reasonable value of his services, is an insufficient basis for an allowance for solicitor's fees. Only the usual and customary fee paid, or for the payment of which the defendant has become liable, should be allowed.

[Opinion filed December 7, 1888.]

Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding.

Mr. F. W. Coombs, for appellant.

The court could not assess damages in favor of both defendants below upon proof of loss or injury to one only, and the record from beginning to end fails to show in anywise any loss as to M. C. Boas, under any circumstances.

It was error to assess damages for the rent under the lease. Joslyn v. Dickerson, 71 Ill. 25.

It was error to assess damages for attorney's fees, under the evidence, there being nothing to show that the attorney had either received or charged anything for his services. Rees v. Peltzer, 1 Ill. App. 315; Jevne v. Osgood, 57 Ill. 340; Elder v. Sabin, 66 Ill. 126.

It is essential to the validity of a decree in chancery that it should affirmatively appear from the record that it is supported by the proofs. Kingery v. Berry, 94 Ill. 515.

Mr. August Marx, for appellees.

Moran, J. On a bill filed by appellant against appellees impleaded with H. B. Brayton, an injunction was issued restraining the defendants in the bill from proceeding with the prosecution of certain suits then commenced, and pending in justice court against the complainant in the bill.

Appellees demurred to the bill, and their demurrer was sustained and the injunction dissolved and the bill dismissed. Before the order dismissing the bill was entered, leave was given to file a suggestion of damages, and afterward evidence was heard and damages for the wrongful issuing of said injunction was assessed in favor of defendants in the bill, and against appellant, in the sum of $264.

The evidence which was offered on the assessment of damages, and which is preserved in the record by a certificate of evidence, shows no proof whatever of any damages to any of the defendants in the bill, except Edmund C. Boas. The

decree for damages is therefore erroneous, as there is no evidence to support it. If the decree had been in favor of Edmund C. Boas alone, however, it would have to be reversed, as the damages were assessed on a wrong theory.

The injunction restrained the prosecution of certain suits which had been brought in justice court to collect rent alleged to be due to Edmund C. Boas from appellant. After the injunction was dissolved there was nothing whatever, so far as appears from the evidence, to prevent said Boas from proceeding with said suits to judgment or commencing new ones. The injunction only caused him delay and the payment of some $4 as costs. It does not appear that he lost anything whatever by the delay, or that he could not just as successfully prosecute his suits against appellant after the injunction was dissolved as he could before it was issued. Such being the case, we are unable to perceive on what theory the amount of rent which it was sought to recover in the suits at law, can be assessed against appellant as damages sustained by said Boas by the wrongful issuing of the injunction. It was, in our opinion, clearly erroneous to include in the assessment of damages the rent claimed under the lease, and which the justice suits, restrained by the injunction, were brought to recover, there being no evidence to show that said rent became lost to the defendant Boas by reason of the issuing of the injunction. Joslyn v. Dickerson, 71 Ill. 25; Elder v. Sabin, 66 Ill. 126.

There is no sufficient evidence to support the allowance of $50 as solicitor's fee against appellant.

It appears the injunction was dissolved because of the failure of appellant to comply with a rule entered by the court requiring her to file an additional injunction bond. The solicitor who appeared for appellees is the only witness as to the solicitor's fees, and his evidence is that he claims "that $50 is a reasonable solicitor's fee for the service rendered in the dissolution of the injunction." There is no evidence showing that appellees paid to or had been charged $50 by the solicitor. Jevne v. Osgood, 57 Ill. 340, is directly in point and controlling. It is there said, "The attorneys in this case only gave it as their opinion that the fee they named would be reasonable. Such proof is not proper and sufficient upon wh'ch to

base the decree. It should be, what has the defendant paid or become liable to pay, and is it the usual and customary fee paid for such services?"

For the errors indicated the decree for damages must be reversed and the case remanded to the Circuit Court.

*Reversed and remanded.*