## John A. Lomax v. Mary Ragor et al.

1. INJUNCTIONS—*Evidence of Damages on Dissolution.*—Upon the dissolution of an injunction, the measure of damages should be what the defendant has paid, or become liable to pay, and the usual and customary fee paid for such services to attorneys for their services, not what the attorneys in the case give it as their opinion would be a reasonable fee.   .

Injunction.—Assessment of damages on dissolution. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed December 5, 1899.

JAMES MAHER, attorney for appellant.

HENRY W. BRANT, attorney for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This was a bill in chancery for an injunction against the appellees from trespassing upon certain premises.

Upon final hearing, the temporary injunction that had been granted *ex parte*, upon the filing of the bill, was dissolved, and leave was given to appellees to file their suggestion of damages, which was done and upon evidence heard an order was entered assessing appellees' damages at $500.

It is from such order this appeal is prosecuted.

The only remedy prayed for in the bill was for an injunc-

tion, and the only basis for the allowance of the damages assessed was for solicitor's services rendered in said cause in and about the dissolution of the injunction.

The only witness testifying as to the solicitor's fees was the then and here solicitor for the appellees, and his testimony was that his "services were worth $1,000;" that he had no contract, but his claim was based upon a *quantum meruit;* that he came first into the case upon the argument upon the testimony before the master; that he had receipts (not introduced in evidence) for $500 paid by his clients to other attorneys, prior to his connection with the case, for carrying on the litigation, but knew nothing about such payment except what had been told him by his clients and such other attorneys, and the receipts themselves.

There was no evidence that appellees had ever paid the witness anything or had been charged anything by him. All that is competent in his testimony, so far as the question involved is concerned, is that in his opinion his services were worth $1,000.

As said in the leading case upon the subject, Jevne v. Osgood, 57 Ill. 340 "the attorneys in this case only gave it as their opinion that the fee they named would be reasonable. Such proof is not proper and sufficient upon which to base the decree. It should be, what has the defendant paid, or become liable to pay, and is it the usual and customary fee paid for such services."

See also Rosenthal v. Boas, 27 Ill. App. 430; Lambert v. Alcorn, 144 Ill. 313.

Because solicitor's fees were not competently proved, the order will be reversed and the cause remanded.