FRANCIS M. GRIFFIN

*v.*

THE CITY OF CHICAGO.

1. SPECIAL ASSESSMENTS *in Chicago—certificate of publication.* The certificate of publication of the notice of an application for judgment upon a special assessment, did not state that it was published a certain number of days, " exclusive of Sundays and holidays, " but certified that the notice had been published ten days consecutively, commencing with the 18th day of January, 1869 : *Held,* the certificate was sufficient, as, from the language used, the court could ascertain the dates of the first and last papers containing the notice.

2. WITNESS—*impeachment.* A party can not impeach a witness called by himself, by proving that he had made contrary statements out of court.

WRIT OF ERROR to the Superior Court of Chicago ; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an application for a judgment, in the court below, upon a special assessment warrant.

The owner of the property against which the judgment was rendered, sued out this writ of error.

Mr. EDWARD ROBY, for the plaintiff in error.

Mr. M. F. TULEY, for the defendant in error.

Per CURIAM: We have carefully and repeatedly examined the record in this case, and find no error in it. The certificate of publication of the notice of the application for judgment differs from those we have held bad, in that it does not have the words, "exclusive of Sundays and holidays," but certifies that the notice has been published ten days consecutively, commencing with the 18th day of January, 1869. When such language is used in the certificate, as that the court can ascertain the date, of the first and last papers containing the notice, it is sufficient. There is nothing here to interrupt the court.

None of the evidence offered constitutes any defense. Plaintiff in error having called Harkness as a witness, had no right to impeach him, by proving that he had made contrary statements out of court.

No error appearing in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*