RINDSKOPH, STERN, LAUER & CO.

*v.*

CHRISTOPHER LINCOLN KUDER *et al.*

*Filed at Springfield, June 19, 1893.*

1. WITNESS—*party contradicting his own witness.* A party who calls the adverse party as his witness is not bound by the mere conclusion of such witness, and only by his statement of facts in so far as he is entitled to credit, taking into consideration the reasonableness of the testimony, and all other proper tests of the credibility of witness and the weight of the evidence. A party is not concluded by the evidence of a witness introduced by him, whether a party or not.

2. If a witness state facts against the interest of the party calling him, another witness may be called by the same party to disprove those facts, as such facts are evidence in the case; and the other witnesses are not called directly to discredit the first, but the impeachment of his credit is incidental only, and consequential.

3. FRAUDULENT CONVEYANCE—*sale to bona fide creditor.* A conveyance of a debtor's land to a *bona fide* creditor, at a reasonable price, and without any intent to hinder, delay or defraud other creditors of their demands, will not be set aside as fraudulent. In such case the relationship existing between the parties to the deed, that of mother and son, is to be considered in connection with all the other facts and circumstances in the case, but is not a controlling fact.

APPEAL from the Appellate Court for the Third District; —heard in that court on appeal from the Circuit Court of Champaign County; the Hon. F. BOOKWALTER, Judge, presiding.

Messrs. KERRICK, LUCAS & SPENCER, for the appellants:

A badge of fraud is defined as "a fact calculated to throw suspicion upon a transaction and calling for an explanation." Bump, Fr. Conv., 31.

Great haste and the omission of the common preliminaries of negotiation in any considerable transaction, are badges of fraud. 2 Bigelow on Fraud, 439.

Likewise such a sale "pending suit" is a badge of fraud. Id. 424.

The expectation of a suit is a badge of fraud. Bump on Fraudulent Conveyances, 436.

Sale for negotiable note is a badge of fraud. Bigelow on Fraud, 436.

A transfer of all the property of the debtor not only diminishes the fund, but is not an ordinary transaction, and is, therefore, a badge of fraud. Bump, 34.

Inadequacy of price tends to defraud, and is a badge of fraud. Id. 44.

Where a creditor is preferred by the debtor in the absence of pressure by the preferred creditor, it is a badge of fraud. Id. 53.

Any relation between the parties which gives rise to confidence, though not a badge of fraud, strengthens the presumption that may arise from other circumstances, and serves to elucidate, explain or give color to the transaction.

The doctrine applies to the relationship of father or mother. 2 Bigelow on Frauds, 436; *Herkebrath* v. *Strokey*, 63 Ill. 486.

In such transaction between near relatives, as mother and son, the law requires very clear and convincing evidence. *Frank* v. *King*, 121 Ill. 254; 1 Smith's Lead. Cas., 75; 1 Bigelow on Fraud, 437; *Lloyd* v. *Williams*, 21 Pa. St. 327; *Hawkins* v. *Alston*, 4 Ired. Eq., 137.

Appellants are not bound by the testimony of appellees, that is, their conclusion that there was no fraud. *Mitchell* v. *Sawyer*, 115 Ill. 657; *Bell* v. *Devore*, 96 id. 217; *Thorne* v. *Crawford*, 17 Ill. App. 397.

Mr. John J. Rea, for the appellees:

If Christopher L. Kuder was indebted to his mother as claimed, and conveyed the land to her with the honest intention of paying that indebtedness, and the consideration received by him for the land was reasonably adequate, then there was no fraud in the transaction. The presumption is that the parties have acted honestly, until the contrary is shown.

The law presumes that all men act in good faith, until the contrary is proven. *Brooks* v. *Bruyn*, 35 Ill. 392; *Hodgen* v. *Henrichsen*, 85 id. 259; *Lake Shore & Michigan Southern R. R. Co.* v. *The Pittsburg, Ft. Wayne & Chicago R. R. Co.*, 71 id. 38.

Fraud is never presumed. The party alleging fraud must prove it. *Wright* v. *Grover et al.*, 27 Ill. 426; *Blow et al.* v. *Gage et al.*, 44 id. 208.

Mere inadequacies of price do not warrant the presumption of fraud, unless the inadequacy is so gross as to excite suspicion. *Weld et al* v. *Rees*, 48 Ill. 428; *Magnusson* v. *Williams et al.*, 111 id. 450; *Jenkins, assignee,* v. *Pierce et al.*, 98 id. 646.

A party is not permitted to discredit his own witnesses; by calling them to testify in his behalf, he vouches for their character and integrity. *Hill* v. *Ward*, 2 Gilman, 285; *Griffin* v. *City of Chicago*, 57 Ill. 317.

A debtor has the right to make a preference between his creditors. *Goembel et al.* v. *Arnett et al.*, 100 Ill. 34; *Hessing* v. *McClosky*, 37 id. 341; *Waddams* v. *Humphreys et al.*, 22 id. 661; *Miller et al.* v. *Kirby*, 74 id. 242; *Wood et al.* v. *Shaw et al.*, 29 id. 444; *Bowden* v. *Bowden*, 75 id. 143.

It would seem, from appellant's theory of this case, that they would deny to a debtor the right to sell his property simply because he was in debt, but the law is, that no matter how deeply a person may be indebted, he has a right to sell his property for a fair price, or even for a price below its market value, if done honestly and with no view to delay or defraud creditors. *Waddams* v. *Humphreys et al.*, 22 Ill. 661; *Wood* v. *Shaw*, 29 id. 449; *Holbrook* v. *Bank*, 10 Bradw. 140.

If the facts and circumstances, or the motive and design of the act, can be attributed to an honest motive as well as a corrupt one, the court should attribute it to an honest

motive.  *Bowden* v. *Bowden*, 75 Ill. 143; *McConnel* v. *Wilcox*, 1 Scam. 344.

Before appellants can impeach the transfer of the land as fraudulent, they must show, by a preponderance of the evidence, that both the vendor and vendee participated in the fraudulent designs to hinder and delay creditors. It is not enough that the vendor intended to hinder and delay creditors. *Ewing* v. *Runkle*, 20 Ill. 449; *Myers* v. *Kinzie*, 26 id. 36; *Hatch et al.* v. *Jordan*, 74 id. 414; *Anderson* v. *Warner*, 5 Brad. 416; *Hanchett* v. *Kimbark*, 118 Ill. 121.

It does not matter if Christopher Kuder did intend to hinder and delay creditors by his act in transferring the land. If he owed his mother the sum claimed, and the sum received for the land was a reasonably adequate price, he had an absolute right to pay her, to the exclusion of other claims. *Funk et al.* v. *Staats*, 24 Ill. 633; *Gray* v. *St. John*, 35 Ill. 222; *Francis* v. *Rankin et al.*, 84 id. 169.

It does not matter if Mrs. Kuder did purchase the land with full notice of Christopher's insolvency. If she took this land in payment of an honest debt, paying a reasonably adequate price therefor, such notice would not make the sale fraudulent. *Beals* v. *Guernsey*, 8 Johns. 446; *Sisson* v. *Routh et al.*, 30 Conn. 15; *Loeschigh et al.* v. *Bridge et al.*, 42 N.Y. 421.

Appellants assume that because the parties were related that fact tinges the transaction with fraud.

The fact that the sale was made to a relative is not unusual and is not a badge of fraud. *Nelson* v. *Smith et al.*, 28 Ill. 495; *Wightman et al.* v. *Hart*, 27 id. 123.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was a creditor's bill, filed by appellants against appellees, Susana Kuder, and Christopher L. Kuder, seeking to set aside a conveyance of real estate made by Christopher L. to Susana, his mother, February 5, 1890.

Prior to January 4, 1890, Christopher L., together with one Braden, was engaged in the mercantile business, in Gifford, Champaign county, under the firm name of Kuder & Braden, and became indebted to appellants in the sum of $2,500, and to other parties in various sums.

The firm of Kuder & Braden failed about the 12th of January, 1890. On the 14th of that month Lewis Kuder, a resident of Champaign county, and father of Christopher L., died testate, seized in fee of 856 acres of land, situated in said county, and also a considerable amount of personal property.

By the terms of his will he provided as follows: 1st. For the payment of indebtedness, appointment of executors, etc.

2d. "After the payment of my said debts, and funeral expenses, I give to my wife, Susana Kuder, and to my children, each, Albert L. Kuder, and Christopher L. Kuder, all the rest of my real and personal estate, share and share alike, and to their heirs respectively, with the right to sell any and all of said real and personal estate."

3d. "I give and devise to my wife, Susana Kuder, the land on which the homestead, including dwelling house and barn, * * * (describing the land, one hundred and sixty acres), for her use absolutely."

On January 18, 1890, appellants brought suit in the Circuit Court of Champaign county, against the firm of Kuder & Braden. On January 27, 1890, the will of Lewis Kuder was probated. On February 5, 1890, Christopher L. Kuder made a deed conveying his interest in the land described in the bill to his mother. On March 11, 1890, appellants recovered judgment against Christopher L. Kuder for $1,200, and upon execution duly returned, no property found, on July 3, 1890, filed this bill to set aside said conveyance by Christopher L. Kuder to Susan A. Kuder, charging that it was made with the intent to hinder and delay the creditors of Christopher L. Kuder. Afterwards other creditors of Kuder filed intervening petitions.

The cause was heard on bill, answer, replication and evidence reported by the master, and a decree entered dismissing the bill at the complainants' costs.

This is an appeal from a judgment of the Appellate Court affirming that decree.

The only question involved in the case is one of fact, viz.: Was the conveyance, sought to be set aside, made with the intent to disturb, delay, hinder or defraud the creditors of the grantor? On the hearing, counsel for appellants introduced appellees as witnesses on their behalf. Susana Kuder testified, in substance, that she loaned Christopher L. $3,000 in September, 1883, and that the conveyance to her was made to pay that debt, she giving Christopher L., in addition thereto, her conditional note for $1,000.

Lewis Kuder, at the time of his death, owed large sums of money, the amount of which was not known at the date of the deed, and the condition upon which she was to pay the $1,000 note was "that if any of the land had to be sold to pay those debts the note should be proportionally reduced." Both she and Christopher L. testified that there was no fraud in the transaction; that the alleged debt was *bona fide* and the deed was made in good faith, in consideration of that debt and conditional note.

This was all the testimony offered in regard to the making of the deed. Counsel for appellees contends that appellants, having made these parties their own witnesses, can not be heard to discredit them; that by calling them to testify in their behalf they vouch for their character and truthfulness, and cite, in support of the position, *Hill* v. *Ward*, 2 Gilm. 285; *Griffin* v. *City of Chicago*, 57 Ill. 317. While we agree that the proposition contended for is, as a general rule, correct, it has only a qualified application to the evidence in this case.

Appellants are not bound by the mere conclusions of these witnesses; and only by their statement of facts, in so far as they are entitled to credit, taking into consideration

the reasonableness of their testimony, and all other proper tests of the credibility of witnesses, and the weight of their evidence. *Bell* v. *Devore,* 96 Ill. 217; *Mitchell* v. *Sawyer,* 115 id. 657.

But they are not concluded by the evidence of these or any other witnesses introduced by them. "The rule is, if a witness state facts against the interest of the party calling him, another witness may be called by the same party to disprove those facts, for such facts are evidence in the cause, and the other witness is not called directly to discredit the first, but the impeachment of his credit is incidental only and consequential. 2 Phil. Ev., 448". *Rockwood* v. *Paundstone,* 38 Ill. 201.

The difficulty with appellants' case does not arise from any rule of evidence precluding them from disproving the facts stated by appellees, but from the fact that they were unable to offer any affirmative proof to support the allegations of their bill. All the direct testimony in the case is to the effect that the conveyance was for a valuable consideration, and made in good faith. Conceding that some of this evidence is entitled to but little credit, being merely the conclusions of the witnesses, yet if all that evidence should be disregarded, there would be no evidence in the record upon which to base a decree granting the relief prayed in the bill.

The contention of counsel for appellants, that the value of the land conveyed by this deed is so greatly in excess of the consideration paid for it by Mrs. Kuder, as to amount to evidence of fraud, is not supported by the evidence.

It will be observed that the conveyance does not include all the real estate of which Lewis Kuder died seized.

If Christopher L. Kuder has any interest under the will of his father in the 160 acres, the use of which is given to Susana, that interest is undisposed of by this conveyance.

The value of the lands conveyed, as shown by a fair estimate of all the evidence on that issue, taking into con-

sideration the amount of debts of the deceased chargeable against it, is not in excess of the consideration paid for it.

At least there is no such disproportion between the value of the interest conveyed and the consideration, as to amount even to slight evidence of fraud.

The relationship existing between the grantor and the grantee in the deed is, of course, to be considered in connection with all the other facts and circumstances in the case, but is not a controlling fact. As we understand the evidence in this record, the position of appellants could only be sustained by casting the burthen of proof upon appellees, to establish the fairness of the conveyance; in other words, to disprove the allegations of the bill, which, of course, can not be done. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*