John A. Grant, Administrator, Plaintiff in Error, v. Chicago and Northwestern Railroad Company, Defendant in Error.

### Gen. No. 17,834.

1. INSTRUCTIONS—*repetitions.* An instruction as to the distinction between "the satisfaction of the jury beyond all reasonable doubt" and their "satisfaction by a preponderance of the evidence," which is sufficiently covered by other instructions, need not be given.

2. EVIDENCE—*when photographs of scene of accident inadmissible.* Photographs caused to be taken by a party to a suit of the scene of an accident, but with objects alleged to have been placed in the different positions the several witnesses testified they were in at the time the accident occurred, are not admissible, as the other party has not an equal opportunity and as their admission must be based upon testimony which the other party had no power or opportunity to refute.

3. EVIDENCE—*when evidence at a coroner's inquest is admissible.* Depositions taken before a coroner are not competent for any purpose unless it be to show that a witness at the trial contradicted what he stated before the coroner.

4. EVIDENCE—*cannot be shown that verdict of coroner's jury was based upon defendant's evidence.* In an action for the death of a person killed in a railroad accident, evidence that the verdict of a coroner's jury was based upon evidence of the defendant's employees is immaterial, particularly where the jury was instructed that the verdict of the coroner's jury was not conclusive upon the plaintiff.

Error to the Superior Court of Cook county; the HON. RICHARD E. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed January 14, 1913. Modified and refiled and rehearing denied February 4, 1913.

FRANCIS J. WOOLLEY, for plaintiff in error.

CALHOUN, LYFORD & SHEEAN, for defendant in error; EDWARD M. HYZER, of counsel.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

This suit, which is an action for the recovery of damages arising out of the death of Thomas Kiess, resulted in a verdict in favor of the defendant Railway Company. From a judgment for costs entered upon the verdict this writ of error is prosecuted by the plaintiff, as administrator.

The deceased met his death at or near a crossing of defendant's railroad and Lincoln Avenue in the Village of Glencoe on October 18, 1909. Negligence is charged in the alleged failure of the defendant to manage, operate and control its train with proper care,

specifically in failing to use a bell or whistle, and in running at a dangerous rate of speed. Negligence is also charged in the alleged failure of the defendant to station a flagman or watchman upon the crossing to give warning of the approach of the train.

The plaintiff insists that the verdict was contrary to the manifest weight of the evidence; that there were errors in the giving of instructions as tendered by the defendant, and in the refusal to give an instruction requested by the plaintiff; that there were errors in the admission and exclusion of evidence; that improper statements to the jury were made by counsel for defendant, and that counsel for plaintiff was improperly refused permission to give to the jury in his opening statement the application of the law to the facts under the declaration as counsel conceived it to be.

It is urged by the plaintiff that the facts disclosed by the record show so manifestly the right of the plaintiff to recover that the court should have granted a new trial. On the other hand, the claim is made by the defendant that the facts are so manifestly with the defendant that even if error occurred in the trial the judgment should not be reversed, substantial justice having been done.

After a painstaking examination of the record, we have reached the conclusion that the case was one that properly should have been, as it was, submitted to the jury. We are also of the opinion that the court did not err in refusing to grant a new trial, based upon the proposition that the manifest weight of the evidence was with the plaintiff.

A large part of the argument is devoted to questions presented by the instructions. Thirty-five instructions were read to the jury, fifteen as proffered by the plaintiff and twenty as requested by the defendant. These instructions presented to the jury, with more detail than seems to have been necessary, the respective theories of the parties and the law of the case as applicable to such theories, respectively. There were also the

Grant v. C. & N. W. R. Co., 176 Ill. App. 292.

usual general instructions upon the questions of reasonable doubt, burden of proof, as to what constitutes preponderance of the evidence, etc. We have carefully considered the objections made by counsel for plaintiff to the instructions given at the request of defendant, and are unable to say that the instructions are erroneous to such an extent as to require reversal of the judgment. We think the instruction offered by the plaintiff but not given, which had to do with the distinction between "the satisfaction of the jury beyond all reasonable doubt" and their "satisfaction by a preponderance of the evidence," was sufficiently covered by other instructions. Each one of nine or more instructions tendered by the defendant directed the jury to find a verdict for the defendant provided the jury found the facts to be as stated in an earlier part of the instruction. We think the instructions should have been much fewer in number. However, the charge of the court, taken as a whole, we think fairly advised the jury as to the relative duties and rights of the parties.

The plaintiff offered in evidence a photograph showing Lincoln Avenue and the two main tracks of the railroad crossing the same. It was at or near this crossing that the accident occurred. The photograph also shows the two main tracks of an electric road at Lincoln Avenue, running nearly parallel with defendant's tracks. This photograph seems to have been received in evidence without objection. There was also introduced in evidence, by agreement, blue prints of a plat which shows Lincoln Avenue and also the tracks extending north and south of Lincoln Avenue, and a number of streets crossed by the tracks, as well as other nearby streets running in a northerly and southerly direction. There was also offered by the defendant, and received in evidence without objection, a picture described as a "panoramic picture," showing the location of the tracks, crossing, etc., as they existed at the time of the accident.

During the course of the trial, which took place about twenty months after the accident, the defendant caused to be placed on its tracks at Glencoe certain engines and cars in what was said to be substantially the location of the engines and cars which were on the tracks at the time of the accident, and had six pictures taken. These pictures were received in evidence over the objection of the plaintiff. The allowance of their introduction is strenuously argued by plaintiff to be an error on account of which the judgment should be reversed. From the photographer's testimony it would seem that exhibit 8 was taken from a point on the sidewalk on the south side of Lincoln Avenue, six feet west of the west rail of the southbound main track, the front of the engine standing at a point thirty feet north of the line of the north crosswalk, which does not cross the track; that exhibit 9 was taken with the engine in the same place, the camera standing on the same walk, eight feet and ten inches west of the west rail of the southbound main track; that exhibit 10 was taken from the center of the same sidewalk, at a point 50½ feet west of the west rail of the southbound main track, with the engine in the same place as in the former ones; that exhibit 11 was taken from the same point as No. 10, 50½ feet west of the west rail of the southbound main track, the front end of the engine standing ten feet north of the north edge of the sidewalk, which is on the south side of the street; that exhibit 12 was taken from a point on the south sidewalk, 36½ feet west of the west rail of the southbound main track, with the front end of the engine ten feet north of the north edge of the sidewalk on the south side of Lincoln Avenue; that exhibit 13 was taken with the camera pointing to the north, the camera being in the center of the south sidewalk seven feet west of the west rail of the southbound main track, and the engine ten feet north of the north edge of the south sidewalk. On cross-examination the photographer stated that the various positions of the cars and engines were se-

lected by an attorney for the defendant, as were the various positions in which the camera was placed; that a station agent of the defendant took the measurements; that he, the photographer, could form no judgment as to distances by looking at the picture, and that in his opinion no other person looking at the picture could judge the distances accurately. He further testified, "The photograph simply shows it as it is in proportion, the same as it would be to a person standing on the crossing there between the tracks. It would be just as it is in the photograph." The station agent testified that the photographs were taken at the various places heretofore mentioned, and it is the contention of the defendant that these places were such as to cause the pictures to show the standing train, located as it was by the different witnesses, respectively, in their testimony.

In Lake Erie & W. R. Co. v. Wilson, 189 Ill. 89, the general rule is stated to be "that photographs stand on the same footing as a diagram, map, plan or model, and that a photograph is a legitimate mode of proving a condition which can be shown by a representation of that sort. It rests, to some extent, upon the credit of witnesses, in the same way as a map, plat or plan; but that fact furnishes no reason for excluding it as evidence. * * * Each party has the same opportunity to offer evidence as to whether the picture correctly represents the appearances. The preliminary proof of the correctness of the picture, the ability of the operator and the accuracy of the instrument is addressed to the court, and it is not error to exclude photographs taken a long time after an accident, where the situation has been changed and the operator is shown to be inexperienced." The exclusion of a photograph made under circumstances coming, as the court held, under the general rule as above set forth, was declared to be erroneous.

In the case now under consideration the two photographs offered, one each by the parties, respectively,

and received without objection, as well as the blue-print introduced by agreement, come strictly within the rule. We do not think the same may be said as to the six photographs offered for purposes of illustration.

In the case of Chicago & E. I. R. Co. v. Crose, 214 Ill. 602, it is said that photographs offered in evidence for the purpose of contradicting witnesses or explaining a transaction are only competent when they are shown to have been so taken as correctly to exemplify the actual situation, circumstances and surroundings at the time. "When the situation and surrounding circumstances are subject to change, photographs, to be of any value as evidence, must be shown to have been taken at the time when the situation and surroundings are unchanged."

Plaintiff had no power to cause like pictures to be taken; he had no control over the engine and cars, and no one representing him was present at the time the pictures were taken. He did not have (to make use of language similar to that employed in the case of Lake Erie & W. R. Co. v. Wilson, *supra*) opportunity to offer evidence as to whether the pictures correctly represented the situations as they were severally presented. The record bears out the statement of defendant's counsel that it was admitted by both parties that an engine and train of cars stood just north of the north sidewalk on Lincoln Avenue; that plaintiff's witnesses claimed that this engine and train of cars were about ten feet north of said sidewalk, and that defendant's witnesses stated that the engine and train of cars stood thirty feet north of said sidewalk. It was not admitted, however, by the plaintiff that when the two sets of pictures were taken the engine and train of cars were placed respectively about ten feet north of the sidewalk and thirty feet north of the sidewalk. Defendant's station agent testified that they were so placed, but the plaintiff had no means of ascertaining the accuracy of this statement.

In the case of Ellis v. Flannigan, 253 Ill. 397, it was sought to corroborate the testimony of a witness (that the testatrix of a will when sitting in a certain chair could not, by turning her head and body, see any object which was directly behind her) by showing a photograph of the room taken four weeks after the death of the testatrix.  The photograph showed the table and the chair in which the testatrix sat, arranged,  as the witness testified, in the relative positions which they occupied on the day the will was attested.  The witness was the sister of the contestant of the will, and testified that the latter assisted her in arranging the furniture in the position she claimed each piece occupied on the day of the execution of the will.  It was held that, made under these circumstances, the photograph was improperly admitted.  As we understand the case, the fact that the witness was a sister of the contestant could have been important only as showing her interest in the matter.  We do not understand (as has been suggested) the court in using the phrase "under such circumstances" to base the decision merely upon the fact that the witness was a sister of contestant, and that the contestant assisted in arranging the scene, but upon the broader ground of lack of equal opportunity, as more fully discussed in Chicago & E. I. R. Co. v. Crose, *supra.*

When a deputy coroner was upon the stand the plaintiff offered to show by him that the verdict of the coroner's jury was based upon the testimony of John A. Green, John D. Johnson, Ben Sutor and Oscar Anderson.  These are the names as given in the record, but we are asked to assume that the persons referred to are John A. Grant, the plaintiff, John D. Dickson, locomotive engineer, Ben Swetters, defendant's conductor, and Oscar Anderson, locomotive fireman.  The three persons last named were witnesses for the defendant, but the plaintiff's testimony was not taken.  An objection made to the proof offered was sustained, and error is predicated upon this action of the court.

We do not think such ruling cause for reversal. The jury were instructed at the request of the plaintiff to the effect that the verdict of the coroner's jury was only *prima facie* proof of the various circumstances therein stated, and that if after considering the evidence as a whole the jury, from a preponderance of the evidence, found any fact differently from the way it was stated in the coroner's verdict, they had the right to find in such respect contrary to the coroner's verdict and were not concluded thereby. Depositions taken before a coroner are not competent for any purpose, unless it be to show that a witness at the trial contradicted what he stated before the coroner. Knights Templar & Masons' Life Indemnity Co. v. Crayton, 209 Ill. 550. It was not important to the jury to know that Grant, the plaintiff, was a witness before the coroner's jury. Dickson, Swetters and Anderson were all called by the defendant, and the plaintiff had an opportunity to question them upon the evidence given before the coroner's jury, and to some extent availed himself of this privilege. We think the fact, if it was a fact, that they and Grant were the only witnesses at the inquest immaterial.

We find it unnecessary to consider other points discussed in the briefs. For the error pointed out the judgment will be reversed and the cause remanded.

*Reversed and remanded.*