## John F. Devine, Administrator, Appellee, v. Johnston & Jennings Company, Appellant.

### Gen. No. 19,900.

1. EVIDENCE, § 111*—*when verdict of coroner's jury is admissible.* A verdict of a coroner's jury is competent evidence to be considered in another proceeding as tending to prove any matter properly before the said jury which appears on the face of the inquest for the reason that it is a public record of the county.

2. WITNESSES, § 281*—*when witness may be impeached.* A party to a suit cannot impeach a witness voluntarily called by him, except as that result may be incidentally accomplished by proving a state of facts differing from that sworn to by the witness in question.

3. WITNESSES, § 327*—*when testimony at another proceeding may be admitted.* In an action for the death of an employee, where a witness unexpectedly gave testimony at variance with that which he gave before the coroner, the plaintiff had the right to call the attention of the witness to the statements he made at the inquest, for the purpose of quickening his memory and awakening his conscience, but it was not proper to admit the testimony of the witness before the coroner, either for the purpose of having the jury consider it as independent evidence or for the purpose of impeaching the witness, there being no claim that the witness had perpetrated a fraud upon the party calling him.

4. NEGLIGENCE, § 175*—*what evidence is admissible to show negligence.* The question of negligence should be determined only by what occurred before and at the time of the accident, and evidence of changes made after the accident is not admissible.

5. MASTER AND SERVANT, § 623*—*what evidence is admissible to show negligence.* In an action for the death of an employee caused by the fall of a large piece of slag while such employee was cleaning a furnace, the admission of evidence that several men cleaned the cupola of slag after the accident was erroneous, though the plaintiff had the right to show the condition of the cupola at the time of the accident by proving its condition shortly afterwards where there was nothing to indicate that a change had occurred.

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed November 19, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Statement by the Court. This was an action on the case in the Superior Court of Cook county, brought by John F. Devine, as administrator of the estate of John Gradowski, deceased, appellee, hereinafter called the plaintiff, against Johnston & Jennings Company, a corporation, appellant, hereinafter called the defendant. The action was brought to recover damages for the death of plaintiff's intestate, alleged to have been caused by the negligence of the defendant. The declaration as amended alleges, in substance, that on or about February 1, 1911, plaintiff's intestate was in the employ of the defendant and was in charge of a certain foreman, who was also a servant of the defendant; that plaintiff's intestate was, at all times mentioned in the declaration, in the exercise of ordinary care for his own safety; that on the date last mentioned, plaintiff's intestate was carelessly and negligently ordered by his said foreman to enter a certain furnace to remove certain clinkers and slag from the bottom thereof; that around the sides and near the top of said furnace were certain large lumps of slag and slag formations which were liable to fall, all of which was known to the defendant and unknown to plaintiff's intestate; that while plaintiff's intestate was doing as directed by his said foreman, a certain large piece of slag fell down to and upon plaintiff's intestate, then and thereby severely, dangerously and permanently injuring him; that as a direct result of said injuries, inflicted as aforesaid, he died on or about February 1, 1911; that plaintiff's intestate left surviving him his father, mother and six brothers and sisters, naming them, his heirs at law and next of kin. The defendant filed a plea of the general issue. The plaintiff later filed an additional count setting up the facts stated in the original declaration and, in addition thereto, charging negligence on the part of the defendant by reason of the fact that said cupola was a dangerous and unsafe place in which to work. To this ad-

ditional count the defendant pleaded the general issue and the statute of limitations. The plaintiff demurred to the plea of the statute of limitations, and the court sustained the demurrer. The case was tried by a court and jury, and a verdict finding the defendant guilty and assessing the plaintiff's damages at three thousand dollars was returned. Motion for a new trial was overruled and judgment was entered on the verdict, and this appeal followed.

Willis G. Shockey and Mills & Holly, for appellant.

Gallagher & Messner, for appellee.

Mr. Justice Scanlan delivered the opinion of the court.

The defendant complains that the court erred in admitting the testimony given by the witness Novak before the coroner's jury, called to inquire into the death of the plaintiff's intestate. On the present trial the witness Novak was called by the plaintiff and his testimony was of an important character. Counsel for the plaintiff insisted that he was a hostile witness and the court thereupon allowed the counsel the widest latitude in his examination of the witness. The examination in chief and the redirect examination of this witness is, from beginning to end, in the nature of a cross-examination. Counsel for the plaintiff was allowed to call the attention of the witness to various statements he made before the coroner's jury. It would be hard to imagine a more liberal examination of a party's own witness than was allowed in this case. On the redirect examination of the witness, the counsel for the plaintiff offered in evidence the entire evidence given by all the witnesses before the coroner's jury. Objection was made to the admissibility of the same, but it was admitted on the ground that evidence taken

before the coroner's jury, as well as the verdict, was a public record, required to be kept by law. However, it appears from the record that the evidence of the witnesses before the coroner's inquest—save that of Novak—was, for some reason not disclosed by the record, not read to the jury. Counsel for the plaintiff, after the entire evidence given before the coroner had been admitted, then offered separately the testimony of the witness Novak, to which his signature was attached, and this was admitted over the objection of the defendant, and the same was then read to the jury. The entire testimony of the witness before the coroner's jury was given to the jury when they retired to deliberate on their verdict, but the court ruled, however, that any statements that the said Novak made before the coroner relating·to what any person other than he, the said Novak, said, was not competent, and the Court in his instructions to the jury gave one as follows:

"You are further instructed, gentlemen of the jury, that the alleged statement or deposition signed by the witness, Stephen Novak, at the inquest held by the Coroner of Cook County, Illinois, over the body of the deceased, John Gradowski, is a public document and that it has been admitted in evidence by the court because some of its contents, that is, some of the statements therein contained are deemed by the court to be competent evidence in this case. However, other parts of said statement or deposition are not deemed by the court to be competent evidence in this case. You are therefore instructed to wholly disregard and not consider as evidence of any kind or character in this case any statements of said Stephan Novak in said deposition contained relating to what any person other than he, the said Stephan Novak and the deceased did or said and particularly the following statement: 'He (meaning the witness Carlin) never reprimanded us for doing so.' "

It has been held that the verdict of a coroner's jury is competent evidence to be considered in another proceeding as tending to prove any matter properly before

the said jury which appears on the face of the inquest, for the reason that it is a public record of the county. *Foster v. Shepherd*, 258 Ill. 164; *United States Life Ins. Co. v. Vocke*, 129 Ill. 557. But it has never been held in this State that the depositions taken at a coroner's inquest were competent evidence in other proceedings; on the contrary, it has been held that they were not competent for any purpose other than contradiction. *Knights Templars & M. L. Indemnity Co. v. Crayton*, 209 Ill. 550; *Pittsburgh, C., C. & St. L. Ry. Co. v. McGrath*, 115 Ill. 172. The plaintiff insists, however, that the testimony of Novak before the coroner was admissible for the purpose of contradicting him, and that the admission of the evidence cannot be considered as error merely because the reason assigned for its admissibility by the trial court and by counsel for the plaintiff at the time of the admission of the same was not a good one.

"The law is well settled that a party to a suit cannot impeach a witness voluntarily called by him, except as that result may be incidentally accomplished by proving a state of facts differing from that sworn to by the witness in question." *Chicago City Ry. Co. v. Gregory*, 221 Ill. 591. There was no pretense that the witness Novak had perpetrated a fraud upon the plaintiff by representing to him or his counsel that he would give evidence in his favor that he did not testify to at the trial. If the witness unexpectedly gave testimony at variance with that he gave before the coroner, the plaintiff had the right to call the attention of the witness to the statements he made at the inquest, for the purpose of quickening his memory and awaking his conscience. It was not proper, however, to admit the testimony of the witness before the coroner, either for the purpose of having the jury consider it as independent evidence or for the purpose of impeaching the witness. *Chicago City Ry. Co. v. Gregory, supra.* If the plaintiff had claimed that the witness had perpetrated

a fraud upon him by pretending that he would give evidence in his favor, and if it further appeared that the witness gave evidence opposed to that which he said he would give, a different question would have been presented. *Chicago City Ry. Co. v. Gregory, supra.* But no such fraud on the plaintiff was claimed or suggested, and the evidence before the coroner was admitted solely on the grounds that it was a public record and therefore competent. The plaintiff cites the following Illinois cases in support of his contention that the testimony of Novak before the coroner's jury was properly admitted: *Rockwood v. Poundstone,* 38 Ill. 199; *Rindskoph, Stern, Lauer & Co. v. Kuder,* 145 Ill. 607; *Highley v. American Exch. Nat. Bank,* 185 Ill. 565; *United States Brewing Co. v. Ruddy,* 203 Ill. 306; *People v. Lukoszus,* 242 Ill. 101; *Illinois Cent. R. Co. v. Wade,* 206 Ill. 523; *Chicago City Ry. Co. v. Matthieson,* 212 Ill. 292; *Hirsch v. Coleman,* 227 Ill. 149. None of these cases are in point. It was prejudicial error to admit the evidence in question.

The defendant contends that the court erred in allowing the plaintiff to show, over its objection, that several men were ordered by the foreman of the defendant on the Sunday following the accident to clean the cupola of slag from top to bottom, and that the order was carried out. The defendant complains that the purpose of the evidence was clearly to show an implied admission of negligence on the part of the defendant, and that it was error to allow this evidence of changes made in the condition of the cupola after the accident. There is merit in the defendant's complaint. The rule is that the question of negligence should be determined only by what occurred before and at the time of the accident, and evidence of changes made after the accident is not admissible. *Howe v. Medaris,* 183 Ill. 288. The plaintiff contends that the evidence in question was competent in order to prove the conditions of the cupola prior to the accident. It

is undoubtedly true that the plaintiff had the right to show the condition of the cupola at the time of the accident by proving a condition shortly after the accident, where there is nothing to indicate that a change had occurred between the time of the accident and the time the investigation was made, and the plaintiff was allowed in this case the full advantage of this rule, but this rule is not a warrant for the admission of the particular evidence now complained of by the defendant.

A number of other errors have been assigned by the defendant, but we do not deem it necessary to refer to these. The judgment of the Superior Court of Cook county will be reversed and the cause remanded.

*Reversed and remanded.*