Lois Jane Petersen, Administratrix of Estate of Clarence Robert Petersen, Deceased, Plaintiff-Appellant, v. Midwest Transfer Company of Illinois and Floyd Johnson, Defendants-Appellees.

Gen. No. 9,720.

Opinion filed May 31, 1951.
Rehearing denied September 4, 1951. Released for publication September 4, 1951.

STONE, STONE & HESS, and BERNARD E. WALL, both of Bloomington, for appellant.

HEYL, ROYSTER & VOELKER, of Peoria, and L. EARL BACH, of Bloomington, for appellees; CLARENCE W. HEYL, and WILLIAM J. VOELKER, JR., both of Peoria, of counsel.

MR. JUSTICE DADY delivered the opinion of the court.

Plaintiff, as administratrix of the estate of Clarence Robert Petersen, deceased, brought this action under the Wrongful Death Act (Ch. 70 R. S.) against Midwest Transfer Company of Illinois and Floyd Johnson.

The circuit court entered judgment against the plaintiff on a jury verdict finding the defendant not guilty.

Plaintiff brings this appeal from such judgment.

On the night of July 27–28, 1948, about nine p. m., the decedent, Clarence Robert Petersen, accompanied by Therlow Marshall was driving southerly on Route 51 a small truck owned by Marshall. The defendant Floyd Johnson, as agent of the other defendant, was then driving northerly on the same route a tractor-trailer truck owned by such other defendant. A collision then occurred between the two trucks which resulted in the deaths of Petersen and Marshall.

There was no competent eyewitness to the collision.

So far as is now material, the complaint charged that defendants negligently drove the tractor-trailer truck on the west side of the road and that as a direct result of such negligence the two vehicles collided, causing the death of Petersen. The answer of defendants denied all charges of negligence.

The first contention of plaintiff is that the trial court erred in refusing to permit plaintiff in her case in chief to prove statements made under oath by defendant Johnson at a coroner's inquest held on the death of decedent.

The trial court, on objection of defendants, refused to permit a court reporter (who reported the testimony of Johnson at the inquest) to testify to anything Johnson testified to at such inquest,—solely because Johnson was present in court at the time of the trial in the present proceeding and could then be called to testify by the plaintiff.

Thereupon in the absence of the jury the plaintiff offered to prove that the following questions were asked of Johnson at the inquest and that he made the following answers to such questions:

"Q You were traveling north on Route 51?

"A Yes, sir.

"Q Where did this collision occur?
"A About five miles south of Bloomington on 51.
"Q You say they went on the shoulder, which shoulder?
"A On the west shoulder.
"Q Could you see how much of the truck went off the pavement?
"A Well, I am sure the right side the whole right side was off the pavement.
"Q Did you see the truck come back on to the pavement?
"A No, sir, I couldn't because it happened so quick. The last track I seen of the truck he was on the shoulder. The next thing I knew he was right back under me.
"Q The last that you saw the truck was when your cab was along the side of it and at that time they were off the pavement, is that right?
"A Yes, sir.
"Q Approximately at what speed were you traveling?
"A Approximately forty miles an hour.
"Q When the Marshall truck was on the shoulder even with your truck was it more than half on the highway or half off?
"A Well, sir, I couldn't say cause I had my own outfit to look after.
"Q In your opinion the other truck was off the pavement at the time it passed your tractor?
"A Yes, sir.
"Q How much off the pavement, you do not know?
"A I could not say."

Thereupon the trial court refused such offer saying, "I don't think it is proper to offer the coroner's inquest in view of the fact that the defendant is here, the defendant is here in court."

Thereupon the plaintiff, out of the hearing of the jury, called the defendant Johnson as an adverse witness and offered to prove by him that such questions were asked him and such answers were made by him at such inquest. Thereupon the trial court asked plaintiff's counsel if he was willing to waive the statutory disqualification of such witness as to anything "that may have transpired before the coroner's jury," and plaintiff's counsel said "No." Thereupon the court sustained the objection to such offer of proof.

Johnson was not permitted to later testify as a witness in his own behalf because of his being an incompetent witness.

█ It is our opinion that if such testimony offered by plaintiff had been admitted the jury might well have believed that such testimony, considered in connection with circumstantial evidence, fairly tended to prove that at and immediately prior to the time of the collision the tractor-trailer truck was so far westerly of the center of the road as to require the decedent Petersen, in the exercise of due care, to drive on to the west shoulder in order to try to avoid a collision. Therefore, in our opinion such evidence was material to the issues.

█ In *Chase v. Debolt*, 7 Ill. 371, 373, the court stated that what a party may have stated on a former trial, although under oath as a witness, "is most clearly admissible as an admission, although compulsory."

█ In *Robbins v. Butler*, 24 Ill. 387, 427, the court said: "The admissions of a party to a fact, no matter when made or how made, are evidence against him— no matter if they be found in an answer in chancery, in a letter, or proved in some other mode. They are still his admissions, and can be used against him."

In the case of *In re Ellis*, 371 Ill. 113, a disbarment proceeding, the testimony of Ellis in a trial in a different proceeding was held competent as an admission.

In *Miller v. People,* 216 Ill. 309, 312, the court said: "It was entirely proper for the prosecution to prove on the second hearing any statements that the plaintiff in error had made when testifying in his own behalf on the first trial. Admissions and statements made by him as a witness were competent to be received in evidence against him to the same extent as if the statements and admissions had been made by him out of court."

In *Brown v. Calumet River Ry. Co.,* 125 Ill. 600, 605, the court said: "Apart from this, however, it is always competent to prove an admission of a party in interest to his prejudice, where it relates to a matter material to an issue being tried. (1 Greenleaf on Evidence, sec. 172,) and therefore, although this evidence may not have been competent for the purpose of impeaching Brown, it was competent as proving an admission by him against his interest, and in that view it was not necessary that he should have been previously examined in regard to it."

In *Merchants Loan & Trust Co. v. Egan,* 222 Ill. 494, the court said: "By introducting Sexton's testimony taken at the hearing on the citation in the probate court he was not thereby called as a witness by the adverse party, *and his incompetency as a witness, outside of the admissions made on this examination, was not affected.* He was called as a witness by appellee on the hearing below and asked one or two questions as to the possession of the bonds. This appellee clearly had a right to do without making him a witness as to all questions, under the first exception to said section 2, which states that in any such action, suit or proceeding a party or interested person may testify to facts occuring after the death of such deceased person, etc." (Emphasis ours.)

172

Defendants cite *Campbell v. Campbell,* 138 Ill. 612, and *George v. Moorhead,* 399 Ill. 497, each of which cases merely held that the former testimony of a witness who is present and testifies is incompetent except for contradiction. In neither one of these cases was it held that former admissions of a proper party to a proceeding were not admissible against such party until after such party had testified.

Defendants cite *Knights Templars & Masons Life Indemnity Co. v. Crayton,* 209 Ill. 550, which case we do not consider in point. In that case Frank L. Crayton when a minor aged 17 years testified at an inquest on the death of his father. The defendant insurance company offered in evidence Frank's deposition as an admission against interest. The Supreme Court said such deposition was properly excluded because he was a witness at the trial and the defendant had had an opportunity to impeach him by use of the deposition, and because he was a minor and therefore incapable of making a binding admission.

Defendants cite *Miles v. Court of Honor,* 173 Ill. App. 187; *Grant v. Chicago & N. W. R. Co.,* 176 Ill. App. 292; *Devine v. Johnston & Jennings Co.,* 189 Ill. App. 556, and *Culver v. Harris,* 211 Ill. App. 474, in which or in some of which cases it was stated in general terms that depositions of witnesses at a coroner's inquest are not admissible as original testimony but only for the purpose of impeachment. In no one of such cases does it appear that any such witness at the inquest was a party to the later court proceeding.

■■ It is our opinion that the trial court committed reversible error in excluding such evidence so offered by the plaintiff as admissions against the defendant Floyd Johnson.

Plaintiff next contends that the trial court erred in permitting a witness for defendants, who was at the

scene shortly after the accident, to testify as to the point of impact. In answer to a question the witness said:

"A  Well, there was mud and debris at a point that we had determined as the point of impact.

"Q  Where was it?

"A  That was on the right side of the black line."

██ ██  Although the conclusion of the witness as to the point of impact was improper, we believe there was no reversible error inasmuch as it does not appear that defendants deliberately sought such answer and inasmuch as the court later sustained an objection to such opinion of the witness as to the point of impact.

██  The remaining contention of plaintiff is that the trial court erred in admitting evidence relative to a blood test of decedent's blood made after decedent's death. Inasmuch as there must be a new trial in this cause, we consider it sufficient to say that in our opinion there is no merit to such contention.

██  Defendants-appellees filed in our court a supplemental abstract of the record and have moved this court to either strike the abstract of the record filed by plaintiff or, in the alternative, to tax the costs of the supplemental abstract against plaintiff. It is our opinion the abstract filed by plaintiff is sufficient to present fully every error relied upon and there was no occasion for filing a supplemental abstract. Such motions of defendants are denied.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*