JOZEF MAKAS, Plaintiff-Appellant, *v.* DAN PAGONE, Defendant-Appellee.

(No. 55427; )

First District—June 28, 1972.

Philip M. Basvic and Donald L. Johnson, both of Chicago, for appellant.

Timothy J. Gillick, and Pretzel, Stouffer, Nolan & Rooney, both of Chicago, (Joseph B. Lederleitner, of counsel,) for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The plaintiff, Jozef Makas, appeals from a judgment of the Circuit Court of Cook County entered after a jury returned a verdict a favor of the defendant, Dan Pagone. The jury also answered a special interrogatory finding the plaintiff guilty of contributory negligence.

The issues on appeal are whether the evidence was sufficient to submit a wilful and wanton issue to the jury; whether the verdict and answer to the interrogatory are supported by the manifest weight of the evidence; whether refusing certain of plaintiff's jury instructions was error; whether the court erred in refusing to permit the joinder of the defendant's insurer; and whether the post-trial motion was timely filed.

At about 1:00 A.M. on the morning of September 22, 1964, the plaintiff alighted from the rear exit of a northbound Ashland Avenue bus at the southeast corner of Ashland Avenue and Huron Street in Chicago. The

plaintiff testified he crossed Ashland on the south side of Huron by going across with the light and then proceeded north across Huron within the painted lines of the crosswalk. He said he started across Huron from the southwest corner and noticed a westbound car on Huron some distance away on the other side of Ashland. When he was about midway across Huron Street, he saw "the light from the car." He attempted to move from the path of the vehicle by turning to his left, but he was struck in the back, on the right side. After being struck he said he was propelled through the air for a distance of 10 to 15 feet.

The defendant testified he was driving on Huron in a westerly direction. He saw a CTA bus stopped at the southeast corner of Huron and Ashland and saw people getting off. He proceeded west ahead of the bus, after stopping at the stop sign. When he arrived at the median strip of Ashland Avenue, he saw no pedestrians and looked to see if there was any southbound traffic before proceeding. He saw a figure running on a northwest angle from the southeast; "I turned around and there was a figure in front of me." He stopped as fast as he could but could not stop fast enough. According to the defendant the impact occurred in the southbound lane of Ashland some distance east of the west curb of Ashland. The plaintiff stumbled and fell after the impact but did not fly through the air and came to rest sitting on Huron just inches away from the west line of the west crosswalk passing across Huron.

The plaintiff's argument is based on the defendant's testimony he was not looking for pedestrians at the time of the accident and on speculation that the defendant was traveling too fast. The plaintiff submits the following colloquy discloses the defendant was guilty of wilful and wanton misconduct:

"Q. Did you notice any pedestrians on the sidewalk?
A. When they were getting off the bus, yes.

\* \* \*

Q. Right, you weren't looking for pedestrians at that point, were you?
A. Not at the median strip."

The plaintiff maintains such conduct is affirmative evidence of a reckless disregard for others in and about the area.

The plaintiff also suggests it may be inferred from the testimony of the plaintiff that Pagone was traveling at too high a rate of speed. Makas testified he first saw the car on the far side of the intersection and assumed it would stop. He then proceeded across the intersection and was struck by that car. He argues the inference is the car must have been traveling at a high rate of speed to cover the distance in such a short time.

It is difficult to summarize the particular circumstances under which

a defendant may be found guilty of wilful and wanton misconduct, but one often quoted definition is found in *Schneiderman v. Interstate Transit Lines* (1946), 394 Ill. 569:

"A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care."

■■ That the defendant was not actively looking for pedestrians at the median strip does not constitute wilful and wanton negligence within the above definition. In *Larson v. Fell* (1965), 55 Ill.App.2d 418, a pedestrian was struck in a crosswalk by an automobile as she crossed the street on a dark and rainy day. The court quoted from *Schneiderman* and *Scarlette v. Hummer* (1963), 41 Ill.App.2d 138, and then said:

"This case lacks these attributes of wantonness and wilfulness. The evidence when construed in its aspects most favorable to plaintiff, together with all reasonable inferences arising therefrom, fails to prove a consciousness on the part of the defendant that his conduct would naturally and probably result in injury to another; and, it was not the type conduct which exhibited a conscious indifference to consequences and constituted constructive or legal wilfulness. It was more in the nature of momentary lapse from that degree of attentiveness required by due care."

Even if the testimony of the plaintiff is believed in the instant case, the most that is proved is a momentary lapse. The speed at which the defendant was traveling was a matter of conjecture and cannot be the basis of a wilful and wanton charge.

■■ The jury had a right to believe the testimony of the defendant that the plaintiff was crossing the intersection on a diagonal on a rainy night, wearing dark clothes. The only witnesses to the accident were the plaintiff and defendant and the issue of credibility was for the jury to decide.

The plaintiff objects to the giving of defendant's instruction 16 and maintains several of his own should have been given in its place. Instruction 16 provides:

"There was in force in the State of Illinois and City of Chicago at the time of the occurrence in question a certain statute or ordinance which provided that:

'The driver of a vehicle shall yield the right-of-way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within any marked crosswalk.

Every pedestrian crossing a roadway at any point other than within

a marked crosswalk shall yield the right-of-way to all vehicles upon the roadway.

Every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary.

Nothing in these laws shall relieve a pedestrian from the duty of exercising due care.'

If you decide that a party violated the statute or ordinance on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not a party was negligent or contributorily negligent before and at the time of the occurrence."

The plaintiff objects that the instruction is "complex and confusing," that it inferred the plaintiff was guilty of contributory negligence as a matter of law if he was not within the crosswalk when struck, and that it did not make clear the motorist's duty to pedestrians is constant. Instruction 16 combines several statutes and ordinances into the form provided in I.P.I. Form 60.01. In place of defendant's No. 16, the plaintiff suggested several others which were similar but presented separately.

■■ We are satisfied defendant's instruction 16 accurately stated the applicable law and the plaintiff's instructions 1, 2, 6, 9, 10, and 13 are substantially the same as those given in No. 16. The refusal of instructions covered by other instructions is not error. *Prowell v. Twin Mills Lumber Corp.* (1967), 79 Ill.App.2d 401.

Plaintiff claims as error the refusal of the court to permit joinder of the defendant's insurer. They make this claim even while cognizant of the case of *Marchlik v. Coronet Insurance Co.* (1968), 40 Ill.2d 327, in which the court said that such suits were against public policy in this state. The plaintiff argues the insurer had so interjected itself into the lawsuit that only by making it a party could justice be done. He contends the issue is whether an insurance company can assume complete control over the handling of a lawsuit against its insured without exposure to being named a party if its actions frustrate the disposition of the case. The plaintiff has not given any facts which would substantiate its claims with reference to the insurer's misconduct; therefore, we are bound by the Illinois Supreme Court's rule in *Marchlik*.

■■ Finally, it is the contention of the defendant that the post-trial motion of the plaintiff was filed out of time and, therefore, nothing is preserved for review. No objection was made in the trial court and defendant thereby waived his contention.

■■ The refusal of the court to instruct the jury on the question of

wilful and wanton misconduct was not error and there was ample evidence to support the verdict and the special interrogatory.

For the reasons stated, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.